Ralph FREEDSON et al.,
Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 77–1944
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 10, 1978.

Ralph Freedson, pro se.

Gilbert E. Andrews, Acting Chief, Appellate Section, U.S. Dept. of Justice, Washington, D. C., M. Carr Ferguson, Crombie Garrett, John Manning, Asst. Attys. Gen., Tax Division, Dept. of Justice, Washington, D. C., for respondent-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

AINSWORTH, Circuit Judge:

Taxpayers, Ralph Freedson, his wife and First Trust Company of Houston, Inc., appeal the Tax Court's dismissal of their petition relative to their protest of the Internal Revenue Service's (IRS) assessments of deficiencies and additional taxes for 1968. Taxpayers had alleged numerous errors in the IRS's adjustments, among which were disputed items pertaining to unreported income reflected in bank deposits, unreported legal fees, allowances for repair expenses and the amount of petitioners' net operating loss carryover. When taxpayers were unprepared to present their case at the May 10, 1976 trial date, the IRS filed motions to dismiss for lack of prosecution. In her opinion of March 16, 1977, Judge Hall granted the IRS's motion to dismiss and assessed the deficiencies against taxpayers.

Rule 123(b) of the Tax Court Rules of Practice and Procedure states: "For failure of a petitioner properly to prosecute . . ., the Court may dismiss at any time and enter a decision against the petitioner." While few cases have interpreted the new Rule 123(b), the Advisory Committee Note indicates that standards for applying Rule

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

41 of the Federal Rules of Civil Procedure should govern dismissals by the Tax Court. In that context it is well settled that an appellate court will not reverse the trial court's dismissal absent an abuse of discretion. *See Ramsay v. Bailey,* 5 Cir., 1976, 531 F.2d 706, *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977); *Pond v. Braniff Airways, Inc.,* 5 Cir., 1972, 453 F.2d 347. On the record before us we find no abuse of discretion.

■ The present case has been pending for a sufficient length of time to enable petitioners to prepare their case. The notices of deficiencies were dated April 26, 1972 and July 24, 1972. Taxpayers filed their petitions on July 24, 1972 and August 7, 1972. Since that time this action has been set for trial three times. On each occasion taxpayers sought a continuance. Even in the absence of intentional effort to delay this trial, taxpayers cannot expect constantly to assign priorities to other legal matters at the expense of this case without suffering any prejudice. Two and one-half years before taxpayers' case was dismissed, they had been warned that the court would look unfavorably upon further requests for continuance.

In addition to the failures to prepare for trial, taxpayers were also uncooperative in providing the IRS with information necessary for the trial. Informal discovery was rejected and formal discovery was strongly resisted. For example, complete answers to interrogatories were obtained only after numerous court actions. Petitioners also were difficult to reach for pretrial conferences. In light of these continuing delays, Judge Hall was justified in concluding that taxpayers were unreasonably hindering the progress of this case. As Learned Hand once wrote: "There must come a time when even at some risk of error, a court is justified in accepting as conclusive a series of apparent subterfuges." *Katz v. Commissioner,* 2 Cir., 1951, 188 F.2d 957, 959.

We realize that dismissal of an action is a severe sanction. Judge Hall considered possible lesser sanctions but found them inappropriate in this case. On the basis of this record, we conclude this sanction was not excessive.

AFFIRMED.