JAMES L. BROWN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brown v. Commissioner
Docket No. 13120-78.
United States Tax Court
T.C. Memo 1981-294; 1981 Tax Ct. Memo LEXIS 446; 42 T.C.M. (CCH) 91; T.C.M. (RIA) 81294; June 17, 1981. *446 Held: Respondent's Motion to Dismiss for Lack of Prosecution is granted. Heldfurther: Petitioner is liable for the section 6653(b) addition to tax. Frank Simmons, for the respondent. IRWIN
MEMORANDUM OPINION IRWIN, Judge: Respondent determined a deficiency of $ 6,400.60 in petitioner's 1974 Federal income tax and an addition to tax under section 6653(b) [1] of $ 3,200.30 for that year. Petitioner was a resident of Tuscaloosa, Alabama, at the time of the filing of the petition herein. A 1974 Federal income tax return was *447 filed by petitioner with the Internal Revenue Service Center, Chamblee, Georgia. On August 5, 1980 respondent served petitioner with a Request for Admissions pursuant to Rule 90, Tax Court Rules of Practice and Procedure.[2] This request was filed with the Court on August 11, 1980. Petitioner filed no response to the Request for Admissions. When this case was called for trial from the trial calendar of this Court on November 17, 1980, there was no appearance by or on behalf of petitioner. Respondent thereupon moved that the case be dismissed for lack of prosecution. Realizing that a fraud issue exists, respondent has asked that we enter a decision against petitioner for the fraud penalty asserted. As a factual basis for finding fraud respondent prays that we deem as admitted all facts alleged in Respondent's Request for Admissions. Insofar as the deficiency is concerned, we grant respondent's motion to dismiss for lack of prosecution. Rule 123(b). Regarding the fraud issue herein, we initially note that all matters raised in Respondent's Request for Admissions which were never met with *448 a reply are deemed admitted by petitioner. Rule 90 (c); Freedson v. Commissioner, 65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Under Rule 90(e) these admitted facts are conclusively established unless the Court on motion permits withdrawal or modification. These admissions form the basis of our findings herein. During 1974 the petitioner received income from each of the following sources: (1) wages from Hardin's Baking Company; (2) Brown's Grocery and Cafe; (3) interest on savings accounts; and (4) preparation of Federal income tax returns. During 1974 the petitioner had the following net total bank depoits: First National Bank of Tuscaloosa: Checking account
$ 52,006.88
Savings account
3,635.34
City National Bank
Savings Bank
7.19
Total
$ 55,649.41
On his 1974 income tax return, the petitioner reported the following income, some of which was deposited in his bank accounts as follows: Wages reported
$ 8,999.03
Taxes withheld
1,181.26
Net wages
$ 7,817.77
Amount of net wages
not deposited
3,908.88
Wages deposited
3,908.89
Interest income reported
and deposited
Gross receipts from
Brown's Grocery and
Cafe reported and
deposited
11,203.00
Other income reported
and deposited
3,250.00
Total deposits
$ 18,695.89
*449 In the year in issue petitioner had $ 414.11 of unreported interest income which was included in petitioner's bank deposits. In preparing 1973 income tax returns for other persons in 1974, the petitioner's normal procedure was to insert the taxpayer's name with petitioner's address on the return. Petitioner also scratched out the taxpayer's address on the taxpayer's Form W-2 and substituted his own address. Thus, in 1974 petitioner received 110 United States Treasury checks, each representing an income tax refund and each payable to a separate taxpayer (or taxpayers). The total amount of the refund checks received by petitioner was $ 30,321.32. During the year, petitioner paid out to persons for whom he prepared tax returns refunds totalling $ 11,650.47. On or about October 4, 1976, a 13-count indictment was returned against petitioner in the Northern Judicial District of Alabama for aiding and assisting in the preparation of false income tax returns for the taxable year 1973, in violation of section 7206(2). In November of 1976, petitioner pled guilty to all 13 counts of the indictment. A summary of petitioner's bank deposits yields the following information relating *450 to deposits which cannot be accounted for: Bank deposits
$ 55,649.41
Less deposits accounted for: Income reported and included
in deposits:
$ 18,695.89
Interest income included in
deposits but not reported:
414.11
19,110.00
Remaining deposits
$ 36,539.41
Less amounts paid for income
tax refund
11,650.47
Bank deposits unaccounted for
$ 24,888.94
Respondent bears the burden of proof by clear and convincing evidence, that any part of the underpayment was due to fraud. Section 7454(a); Rule 142(b); Gilday v. Commissioner, 62 T.C. 260 (1974). Fraud is the intent to evade a tax believed to be owing. Powell v. Granquist, 252 F.2d 56 (9th Cir. 1958); McGee v. Commissioner, 61 T.C. 249 (1973), affd. 519 F.2d 1121 (5th Cir. 1975), cert. denied 424 U.S. 967 (1976). While fraud is never presumed or imputed, Carter v. Campbell, 264 F.2d 930, 935 (5th Cir. 1959), circumstantial evidence and reasonable inferences are proper bases upon which fraud may be found. Stoltzfus v. United States, 398 F.2d 1002 (3rd Cir. 1968); Stone v. Commissioner, 56 T.C. 213, 224 (1971); *451 Otsuki v. Commissioner, 53 T.C. 96, 106 (1969). The facts deemed admitted indicate that in 1974 petitioner received 110 Federal income tax refund checks totaling $ 30,321.32. Of this amount refunds amounting to $ 11,650.47 were then transferred in 1974 from petitioner to taxpayers. Petitioner, in his reply to respondent's answer to an amended petition, alleges that cash payments between $ 12,000 and $ 14,000 were made by him to customers. Even assuming this allegation to be true there are refund checks amounting to at least $ 4,670.85 which were endorsed by petitioner and not paid over to customers. Moreover, we believe that the facts deemed admitted preclude our finding that any amount greater than $ 11,650.47 was refunded to customers. Furthermore, during 1974 petitioner received $ 414.11 of interest income which was not reported on his return. The omission of interest income along with receipt of the refund checks which were not paid over to customers but were accompanied by unexplained bank deposits serve as strong evidence of fraud considering petitioner's familiarity with general principles of tax law as a tax return preparer. Cf. Meldon v. Commissioner, 225 F.2d 467 (3rd Cir. 1955); *452 Irolla v. United States, 182 Ct. Cl. 775, 390 F.2d 951 (1968). Accordingly, we uphold respondent's determination on the fraud issue. An appropriate order will be issued. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩