ESTATE OF PATSY C. SALVUCCI, DECEASED, ANTOINETTE M. SALVUCCI AND KATHLEEN P. SALVUCCI, ADMINISTRATRIXES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Salvucci v. Commissioner
Docket No. 2603-79
United States Tax Court
T.C. Memo 1982-21; 1982 Tax Ct. Memo LEXIS 723; 43 T.C.M. (CCH) 304; T.C.M. (RIA) 82021; January 13, 1982. Antoinette M. Salvucci and Kathleen P. Salvucci, pro se.
Michael F. Patton and Powell W. Holly, Jr., for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: This case is before the Court on respondent's motion to dismiss for failure of petitioners to properly prosecute. See Rule 123(b), Tax Court Rules of Practice and Procedure.[1]
*724 Respondent in his notice of deficiency issued to petitioners on December 4, 1978, determined a deficiency in decedent's Federal estate tax in the amount of $ 6,674.24 and an addition to tax under section 6651(a)(1) in the amount of $ 1,668.55. At the time the case was called for trial on June 23, 1980 at New York, New York, petitioners, administratrixes of their decedent father's estate, appeared but declined to offer any evidence contesting the correctness of the deficiency and addition to tax set forth in the deficiency notice. Petitioners both in their petition and amended petition filed with this Court and at trial, did not dispute that they are liable for the amounts determined in the notice of deficiency. Rather, petitioners have proffered a most unusual argument--contending that the deficiency determined by respondent is much too low. In their petition, petitioners stated: "We contend that there is monumental tax evasion regarding the Estate of Patsy C. Salvucci and that the tax assessments are totally insufficient." It appears that petitioners believe that at the time of his death, their father owned extremely valuable assets consisting of gold, diamonds and mining *725 stock. Petitioners do not claim to know the exact location of these assets but believe they were located somewhere in northern Connecticut and that if found, they would dramatically increase the value of their father's gross estate for estate tax purposes. Since petitioners' search for these valuables has obviously been fruitless, they are now hoping to utilize the investigative powers and abilities of the Internal Revenue Service to assist them in their quest. Petitioners feel that the Internal Revenue Service would benefit substantially if an investigation actually turns up these mysterious assets. Although there is nothing in the record to suggest that the Internal Revenue Service has not acted properly in the premises, it apparently has not conducted an investigation of the scope and intensity petitioners desire. Consequently, petitioners now request that this Court order the Internal Revenue Service to undertake a complete investigation of the matter. However, as we pointed out to petitioners at trial, this Court is independent of the Internal Revenue Service and is without authority to grant such relief. Cf. Greenberg'sExpress, Inc. v. Commissioner, 62 T.C. 324 (1974). *726 [2]
Accordingly, since petitioners concede that the estate is liable for the amount determined by respondent in his deficiency notice, we have no alternative but to grant respondent's motion to dismiss this case for failure properly to prosecute. Rule 123(b), Tax Court Rules of Practice and Procedure; Freedson v. Commissioner, 67 T.C. 931 (1977), affd. 565 F.2d 954 (5th Cir. 1978). An appropriate order and decision will be entered. Footnotes
1. RULE 123. DEFAULT AND DISMISSAL (b) Dismissal↩: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule.
2. The Tax Court has jurisdiction to review the amount of deficiency determined by respondent as set forth in the deficiency notice. In certain situations, this Court has authority to determine an overpayment. See sec. 6512(b). However, this Court is without authority to increase the deficiency absent a claim by the Commissioner asserting such increase. See sec. 6214(a).↩