WILLIAM J. KEIFER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keifer v. Commissioner
Docket No. 9270-82
United States Tax Court
T.C. Memo 1983-627; 1983 Tax Ct. Memo LEXIS 164; 47 T.C.M. (CCH) 14; T.C.M. (RIA) 83627; October 11, 1983. Philip J. Starr, for the respondent. SCOTT MEMORANDUM OPINION SCOTT, Judge: This case was assigned to and heard by Special Trial Judge Fred R. Tansill, pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and *165 adopts his opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE TANSILL, Special Trial Judge: This matter is before us on respondent's motion for summary judgment pursuant to Rule 121 filed May 27, 1983. The case came on for hearing at the Motion Session in Washington, D.C. on July 6, 1983.Respondent appeared by his counsel and offered oral arguments in support of the respondent's motion. There was no appearance by or on behalf of petitioner nor were any supporting documents submitted by or for the petitioner. At the conclusion of the hearing, the motion was taken under advisement. In the statutory notice of deficiency dated February 5, 1982, respondent determined a deficiency in petitioner's 1979 Federal income tax in the amount of $2,501, and additions to tax under sections 6651(a) and 6653(a) of the Internal *166 Revenue Code in the respective amounts of $625.25 and $125.05. The adjustment in the statutory notice which produced the deficiency was petitioner's failure to include in his gross income under section 61(a)(1) of the Internal Revenue Code wages received as compensation for services in the total amount of $14,059.87. Exclusion of the foregoing amount from gross incime, together with petitioner's claimed exemption from taxation, was based upon his allegation that he had become a minister of the Freedom Church of Revelation (Church) and had taken a "vow of poverty." Petitioner timely filed a petition with this Court on May 3, 1982 alleging error by the respondent with respect to the increase in petitioner's gross income by $14,058.87, together with the imposition of the additions to tax under sections 6651(a) and 6653(a). The basis asserted in the petition for the petitioner's actions was that petitioner was a duly ordained minister of the Church and properly excluded from gross income the sum of $14,059.87 in the taxable year. Petitioner also denied that he was liable for the additions to tax for negligence and delinquency. Respondent timely filed an answer *167 to the petition in which he denied the allegations of error and of facts set forth in the petition. The petitioner filed a Form 1040 for the year 1979, dated March 8, 1980 [3] with his sacramental authority and a copy of the exemption ruling of the Freedom Church of Revelation, attached, claiming full refunds of income and FICA tax withholding. The Form 1040 was incomplete.The only information shown was receipt of wages of $14,059.87 and the amount of Federal income and FICA taxes withheld. Attached to this return was a copy of the Form W-2 received by petitioner from his employer, Hussman Refrigeration Company, showing wages paid to him of $14,059.87. Respondent in his notice of deficiency determined an addition to tax under section 6651(a) of $625.25 because of petitioner's failure to timely file a Federal income tax return for 1979. At the time of filing his petition, petitioner resided in Erial, New Jersey. He showed no address on his return. The petition had been prepared by and was signed by two *168 attorneys rather than by petitioner personally. Those attorneys subsequently withdrew and were replaced by another attorney. The issues for decision, as stated in respondent's motion for summary judgment are: (1) whether wages of $14,059.87, earned by petitioner in 1979, are taxable to him; (2) whether petitioner is liable for an addition to tax for intentional disregard of rules and regulations under section 6653(a). [4] The motion requested the Court to enter an order granting summary judgment for the respondent and a decision finding a deficiency in income tax of $2,501 and an addition to tax pursuant to Code section 6653(a) of $125.05. Respondent's motion for summary judgment grows out of the following circumstances. On February 10, 1983, respondent served a First Request for Admissions on petitioner's counsel, pursuant to Rule 90. The list of requested admissions which were set forth in an attached *169 Exhibit C to respondent's First Request for Admissions were as follows: 1.Attached hereto as Exhibit A is a copy of a 1979 Form 1040 (and attachments) filed by petitioner as an income tax return for said year. 2. Petitioner filed no other Forms 1040 for the year 1979 either before or after filing of the documents referred to in paragraph 1. 3. The employer(s) shown on the wage and Tax Statement(s) (Form W-2) attached to Exhibits A paid the wages shown thereon for the year 1979 directly to the petitioner with no restriction on their use.
4. Petitioner contends that the wages earned in 1979 referred to in paragraph 3, were earned as an agent of his local congregation of Freedom Church of Revelation rather than in his individual capacity. 5. The facts regarding petitioner's operation of his local congregation of Freedom Church of Revelation are the same as those in the case of John J. Ocejo v. Commissioner,T.C. Memo. 1983-48. The respondent's First Request for Admissions asked that petitioner admit (1) that the facts set forth in each of the above enumerated paragraphs are true, (2) that each exhibit to the First Request for Admissions is authentic and *170 is either an original or electronic reproduction of an original and (3) that each exhibit incorporated in exhibit C may be received in evidence in this case for any relevant purpose. Neither petitioner nor the attorney who then represented him responded to the Request for Admissions. Because no response was made within the period specified by Rule 90(c), each matter contained in the Request for Admissions is deemed to be admitted for purposes of this case. Freedson v. Commissioner,65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Rule 90(c) and (e). Under Rule 90(e), facts such as those referred to above, when deemed admitted, are conclusively established. Freedson v. Commissioner,supra;Brobeck v. Commissioner,T.C. Memo. 1980-192. We now reach the question of the propriety of respondent's motion for summary judgment. In accordance with Rule 121(b) a decision shall be rendered on the motion for summary judgment if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any *171 material fact and that a decision may be entered as a matter of law. The undisputed facts here are that petitioner was employed by the Hussman Refrigeration Company in the taxable year 1979 receiving wages of $14,059.87. Those wages were paid to the petitioner directly by the employer with no restrictions on their use. It is petitioner's contention that the wages in question were earned as an agent of his local congregation of the Church rather than in his individual capacity.Petitioner became a minister of a subsidiary congregation of the Church. The facts regarding the petitioner's operation of his local congregation of the Church are the same as those in the case of Ocejo v. Commissioner,T.C. Memo. 1983-48.Just as in that case, petitioner here received payroll checks from his employer in his individual capacity rather than as an agent. Petitioner created a local congregation of the Church located in his home, opened a Church checking account over which he and the members of his family had signatory power, deposited his payroll checks in the Church account and used those funds to pay his personal living expenses. These are the facts no longer in controversy *172 in this case. Our next inquiry is whether this factual pattern should relieve petitioner of the necessity of treating his earnings as gross income of his own. As a matter of law, in McGahen v. Commissioner,76 T.C. 468 (1981), affd. by unpublished order (3d Cir. Aug. 25, 1983), it was held that an attempted assignment of earnings by an individual was wholly ineffective to relieve that individual from tax thereon. The fact that petitioner, despite his "vow of poverty," retained control of the funds allegedly earned as an agent of the Church was held to require inclusion of the earnings in income in Ocejo v. Commissioner,supra. We conclude on the basis of these authorities that respondent is entitled to an order granting summary judgment as to the deficiency in his favor. Finally, we consider the question of addition to tax under section 6653(a). On a similar set of circumstances we held in Ocejo v. Commissioner,supra, that the taxpayer had disregarded applicable rules and regulations so as to be negligent within the meaning of section 6653(a).Here, as there, petitioner's treatment of his income on his tax return is *173 at least an intentional disregard of the rules and regulations requiring that the addition to tax under section 6653(a) be imposed. We so hold. For the foregoing reasons, the respondent is entitled to the full deficiency set forth in the statutory notice together with the addition to tax under section 6653(a) also shown therein. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that Rule are not applicable to this case.
3. Although the respondent determined that the return was filed outside the time prescribed by law, the actual date of filing was not stated and is not in the record.↩
4. We conclude from respondent's motion for summary judgment that he has abandoned his claim asserted in the statutory notice for the addition to tax under section 6651(a)↩ and we consider this issue as conceded by respondent in ruling on his motion for summary judgment.