ROY L. BENSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Benson v. Commissioner
Docket No. 18558-82
United States Tax Court
T.C. Memo 1983-775; 1983 Tax Ct. Memo LEXIS 11; 47 T.C.M. (CCH) 763; T.C.M. (RIA) 83775; December 27, 1983. *11 Held: (1) Respondent's motion to dismiss as to the deficiency for failure properly to prosecute is granted. Rule 123(b), Tax Court Rules of Practice and Procedure.
(2) Addition to tax is imposed under sec. 6653(b) (fraud), I.R.C. 1954. Doncaster v. Commissioner,77 T.C. 334 (1981). Frank R. DeSantis, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioner for 1978 in the amount of $100,418.43, and an addition to tax under section 6653(b) [1] (fraud) in the amount of $50,209.22. The instant case was set for trial at the October 31, 1983, Cleveland, Ohio, *12 trial session. Petitioner failed to appear at the calendar call for this session, and failed to appear the next day, when the instant case was recalled. Petitioner has not communicated with the Court regarding the instant case after he paid the filing fee, on September 22, 1982. Respondent moved under Rule 123(b)[2] to dismiss as to the deficiency, and the case was submitted as to the addition to tax under section 6653(b). Respondent's motion to dismiss as to the deficiency is granted; the issue for decision is whether petitioner is liable for the addition to tax under section 6653(b). When the petition in the instant case was filed, petitioner resided in Marion, Ohio. On December 13, 1982, respondent moved, under Rule 37(c), that the undenied allegations in paragraph 7 of his answer be deemed admitted. This motion was granted by order dated January 12, 1983. On September 15, 1983, respondent served on petitioner a request for admissions, with attached exhibits. On September 19, 1983, respondent's request was filed with the Court pursuant to Rule 90. Petitioner *13 failed to respond to this request, and so these requested admissions are deemed admitted and are conclusively established for purposes of the instant case. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (CA5 1978); Rule 90(e). From 1971 through 1980, petitioner was a practicing attorney, licensed to practice in Ohio.In the course of his work, petitioner prepared tax returns for his clients, made tax payments on their behalf, and represented them before the Internal Revenue Service. Petitioner was appointed administrator of, and in fact administered, the Ervin A. Jesnow estate. He diverted at least $47,8000 from this estate in 1978, and failed to report this amount on his 1978 income tax return. [3] He also diverted money from other clients in 1978 and failed to report the diverted amounts on his 1978 tax return. *14 In 1978, petitioner was a 50-percent shareholder in Ben-Dean Corporation. As a result of distributions from Ben-Dean Corporation in 1978, petitioner received $15,619.66 in dividends and $568.83 in long-term capital gain. Petitioner failed to report these distributions on his 1978 tax return. In 1978, petitioner and his wife owned a one-third interest in Westmoor Development, a partnership. Petitioner's and his wife's share of this partnership's income for 1978 was $22,162.52. Petitioner failed to report any of this income on his 1978 tax return. In the aggregate, including the above-described omissions, petitioner failed to report $196,066 of income on his 1978 tax return. Petitioner is entitled to deduct the following amounts in addition to the deductions claimed on his 1978 tax return: rental loss, $177.51; and excess itemized deductions, $29,002.65. As a result of the foregoing, petitioner's taxable income for 1978 is about $167,000 more than the amount reported on his 1978 tax return, resulting in an underpayment of tax. Petitioner fraudulently, with intent to evade tax, failed to report all of the foregoing income on his 1978 tax return. As to the addition to *15 tax under section 6653(b), [4] respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment, and that some part of this underpayment is due to fraud. Section 7454 (a); [5] Rule 142(b); e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). Fraud is an actual intentional wrongdoing, and the intent required is the specific *16 purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), affg. a Memorandum Opinion of this Court; [6]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence ( Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978)), and by deemed admissions ( Doncaster v. Commissioner,77 T.C. 334, 337 (1981); see Freedson v. Commissioner,supra). As to the existence of an underpayment, we conclude (and we have found) that respondent has proven this fact, based on the facts deemed admitted under Rules 37(c) and 90(e). As to the existence of fraud as to some part of this underpayment, we conclude (and we have found), following Doncaster v. Commissioner,supra, *17 that the facts deemed admitted under Rule 37(c) establish the existence of such fraud in the year in issue. We hold for respondent. An appropriate order granting respondent's motion under Rule 123(b) will be issued, and decision will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the year in issue.↩
2. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. For 1978, petitioner and his wife filed a joint income tax return. The notice of deficiency that forms the basis of the instant case was sent to petitioner alone, and not to his wife. Similarly, the petition is that of petitioner alone, and not of his wife. We have not been told whether a separate notice of deficiency was sent to petitioner's wife and, if so, whether she petitioned this Court. Accordingly, although we deal with matters relating to petitioner's wife, we redetermine in the instant case only petitioner's deficiency and addition to tax.↩
4. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩
5. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary.↩
6. T.C. Memo. 1966-81↩.