LUIS AND STELLA BUIATTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buiatti v. Commissioner
Docket No. 7547-83.
United States Tax Court
T.C. Memo 1984-523; 1984 Tax Ct. Memo LEXIS 154; 48 T.C.M. (CCH) 1264; T.C.M. (RIA) 84523; October 1, 1984. Luis and Stella Buiatti, pro se. J. Robert Cuatto and Linda R. Dettery, for the respondent. DAWSON MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel pursuant to section 7456(d)(4), Internal Revenue Code of 1954, as amended, and Delegation Order No. 8, 81 T.C. XXV (1983), for the purpose of hearing and ruling on respondent's Motion for Summary Judgment filed herein. [1] After a review of the record, we agree with and adopt his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion for Summary Judgment filed on July 18, 1984, pursuant to Rule 121, *156 Tax Court Rules of Practice and Procedure.[2] Therein respondent seeks summary adjudication in his favor on all of the legal issues in controversy, i.e., the determined income tax deficiencies and the additions to the tax under section 6653(b). [3]
Respondent, in his notice of deficiency issued to petitioners on January 24, 1983, determined deficiencies in petitioners' Federal income tax and additions to the tax for the taxable calendar years 1978 through 1980 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(b)
1978
$6,568.00
$3,981.50
1979
2,134.00
1,067.00
1980
1,892.00
946.00
The adjustments to income as determined by respondent in his deficiency notice are: 1978
1979
1980
Unreported Income
$20,935.79 $14,242.99
$13,394.65 Employee Business Expense
292.92 163.00
160.00 Forfeited Interest Penalty
(64.23)
Excess Itemized Deductions
627.00 997.00
(2,688.00)
$21,791.48 $15,402.99
$10,866.65 *157 The procedural sequence of events resulting in this case began with the issuance of the notice of deficiency on January 24, 1983. A joint petition was timely filed on April 5, 1983, wherein at paragraphs 4 and 5 it is recited-- * * * 4. The determination of deficiencies set forth in said notice are based on arbitrary allocation; the lack of consideration and allowance of legitimate and proper deductions, and upon the arbitrary assessment of improper penalties. 5. The facts upon which petitioners rely, as the basis of this case are as follows: A. That the determination of the gross income and its allocation was based on the arbitrary assumption of an agent of the Commissioner of the Internal Revenue Service, without verification, substantiation of basis. B. That the delinquency penalty, IRS sec. 6651(a), is arbitrarily based on Respondents' assumption that Petitioner has not filed. C. That no expenses of exemptions were allowed by Respondent of known expenses and deductions. D. That the negligence [sic] penalty asserted, IRS sec. 6653(b) was asserted arbitrarily and without basis. E. That the statute of limitations has run. F. That the addition *158 to tax penalty [sec.] 6654 was asserted arbitrarily and without basis. [4] Respondent filed his answer on June 17, 1983, which was within the period permitted by the Court. In his answer respondent denied the allegations of paragraph [4] of the petition and all of the allegations contained in each subparagraph of paragraph 5. At paragraph 7 of this answer respondent affirmatively pleaded as to the income tax deficiencies and the additions to the tax. Since petitioners filed no reply, respondent, on August 15, 1983, filed a Motion for Entry of Order that Undenied Allegations in Answer be Deemed Admitted, a copy of which he served on petitioners on August 10, 1983. On August 23, 1983, the Court served a notice on the parties calendaring respondent's motion for hearing at Washington, D.C. on September 21, 1983. When the case was called from the calendar on September 21, 1983, no appearance was made by or on behalf of petitioners, no reply had been filed nor a response made to respondent's *159 motion. After the hearing, the Court, by Order dated September 21, 1983, a copy of which was served on the parties on September 28, 1983, granted respondent's motion and deemed admitted for purposes of this case the undenied affirmative allegations of fact contained in paragraphs 7.(a) through (q) and 10.(a)(1) through (3) of respondent's answer. On promulgation of our Order the pleadings herein were closed. See Rules 34, 36, 37, 38 and 121. On May 21, 1984 respondent served a request for admissions on petitioners. [5] Petitioners at no time served answers thereto on respondent nor did they file an original of any answers with the Court. In such circumstance, the matters contained in respondent's request for admissions are deemed admitted and conclusively established. [6]
*160 The following findings of fact are based on the record as a whole, the allegations of respondent's answer admitting allegations in the petition and those facts in respondent's answer deemed admitted by our September 21, 1983 Order. FINDINGS OF FACT Petitioners' resided at 14928 Index Street, Misson Hill, California on the date their petition was filed. They filed joint 1978, 1979 and 1980 Federal income tax returns with the Internal Revenue Service. During the years at bar petitioner Luis Buiatti (Luis) was employed at various times by Aesco, Essort Corporation, Powertec and Triangle Car Wash and Stella Buiatti (Stella) was employed as a hairdresser. In 1978 and 1979 petitioners received interest income in the respective amounts of $274.66 and $56.38, which they did not report on their joint returns filed for those years. During 1978, 1979 and 1980 petitioners received dividend income in the amounts of $860.05, $1,545.80 and $997.20, respectively, which they did not report on their joint returns filed for those years. Stella received tip income during 1978, 1979 and 1980 in the respective amounts of $2,179.30, $2,019.89 and $2,017.93, none of which was reported *161 on the joint returns filed for those years. During 1980 Luis received wage income from Powertec in the amount of $5,971.72, which was not reported on the 1980 joint return. Also during the years at issue petitioners received unreported adjusted gross income, as determined by the respondent using the bank deposits method as follows: 1978
1979
1980
Total Bank Deposits
$50,210.35
$22,536.43
$19,821.87
Less: Reductions for
Reported and nontaxable
sources
32,688.57
12,015.51
15,514.07
Unreported Bank Deposit
Income
$17,521.78
$10,520.92
$ 4,307.80
Petitioners failed to maintain, or to submit for examination by respondent, complete and adequate books and accounts of their income producing activities for each of the years 1978, 1979 and 1980, as required by the applicable provisions of the Internal Revenue Code of 1954 and the regulations promulgated thereunder. Such conduct was fraudulent with intent to evade tax. Petitioners fraudulently and with intent to evade tax omitted from their joint income tax returns total unreported income in the following amounts: 1978
1979
1980
Total Unreported Income
$20,935.79
$14,242.99
$13,394.65
*162 Petitioners fraudulently and with an intent to evade taxes understated their income tax liability on their 1978, 1979 and 1980 joint returns as follows: 1978
1979
1980
Corrected Tax Liadility
$7,963.00
$2,134.00
$1,892.00
Less: Tax shown on return
1,395.00
Understatement of Tax
$6,568.00
$2,134.00
$1,892.00
A part of the underpayment of tax required to be shown on petitioners' joint returns for each of the taxable years 1978, 1979 and 1980 is due to fraud with intent to evade tax. OPINION Through respondent's affirmative allegations of fact which are deemed admitted it is crystal clear that petitioners understated their income tax liabilities for the taxable years 1978, 1979 and 1980 in the respective amounts of $6,568.00, $2,134.00 and $1,892.00 (the precise determinations made by respondent in his deficiency notice). We see no need to comment further with respect to the income tax deficiencies. Finally, we turn our consideration to the additions to the tax under section 6653(b). The burden of proof with respect to the fraud issue is upon respondent to prove, by clear and convincing evidence, that an underpayment exists and *163 that some part of such underpayment of tax was due to fraud with an intent to evade tax. Section 7454(a); Rule 142(b); Imburgia v. Commissioner,22 T.C. 1002 (1954). That burden can be satisfied by respondent through the undenied facts deemed admitted under Rule 37(c). Doncaster v. Commissioner,77 T.C. 334 (1981); Marcus v. Commissioner,70 T.C. 562 (1978), affd. in an unpublished opinion 621 F.2d 439 (5th Cir. 1980); Gilday v. Commissioner,62 T.C. 260 (1974). [7] Here material factual allegations in the answer with respect to fraud with intent to evade tax have been deemed to be admitted by our order of September 21, 1983. In our view, those findings of fact clearly and convincingly establish fraud with intent to evade tax and we sustain respondent's determinations under section 6653(b). *164 Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". In addition to those facts deemed admitted by our order of September 21, 1983 the record here contains a complete copy of the notice of deficiency, the petition and the answer, respondent's request for admissions, respondent's declsaration and copies of petitioners' joint 1978, 1979 and 1980 Federal income tax returns together with attached Forms W-2 (Wage and Tax Statements). Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect. *165 [8]
An appropriate order and decision will be entered.
Footnotes
1. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on August 22, 1984. Petitioners did not appear nor did they file a response to respondent's motion.↩
2. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. This is the sum and substance of petitioners' case. We note that no additions to tax under secs. 6651, 6653(a) and 6654 were determined by respondent in his deficiency notice.↩
5. The original of that request was filed with the Court on May 24, 1984. Rule 90(b). The thrust of the matters deemed admitted and conclusively established is that petitioners did not incur or are not entitled to employee business expenses, charitable contribution deductions and medical expenses as determined by respondent in his deficiency notice.↩
6. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978); Elizondo v. Commissioner,T.C. Memo. 1983-748; Tuckett v. Commissioner,T.C. Memo. 1983-575; Miller v. Commissioner,T.C. Memo. 1983-476; Uptain v. Commissioner,T.C. Memo. 1982-737; Ammen v. Commissioner,T.C. Memo. 1982-476; McKinnon v. Commissioner,T.C. Memo. 1982-229↩; Rules 90(c) and (e).
7. See also, Wadsworth v. Commissioner,T.C. Memo. 1983-438; Poe v. Commissioner,T.C. Memo. 1983-149; Hahn v. Commissioner,T.C. Memo. 1982-717; Coastal Shipping Co., Inc. v. Commissioner,T.C. Memo. 1981-382; Burnette v. Commissioner,T.C. Memo. 1981-381; Nielson v. Commissioner,T.C. Memo. 1980-453↩.
8. Petitioners' statute of limitations plea is meritless since we have sustained respondent's determinations under sec. 6653(b). See sec. 6501(c)(1). With Respect to the taxable year 1978 a Form 872, Consent to Extend the Time to Assess Tax, is in this record which extends the time to assess a tax for 1978 to April 30, 1984. The notice of deficiency herein involved was issued on January 24, 1983. See sec. 6501(c)(4). In view of our disposition of this case we need not and do not address respondent's alternative claims made in his answer under secs. 6651 and 6653. See sec. 6653(b)(3). Nor do we address the frivolous and groundless contentions enunciated by petitioners in this record for they have been rejected by this Court and others on countless occasions.↩