CALVIN HOLDERMAN, JR., Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holderman v. Commissioner
Docket No. 11618-80.
United States Tax Court
T.C. Memo 1986-79; 1986 Tax Ct. Memo LEXIS 529; 51 T.C.M. (CCH) 509; T.C.M. (RIA) 86079; February 27, 1986. *529 Held: (1) Respondent's motion to dismiss as to the deficiency for failure properly to prosecute is granted. Rule 123(b), Tax Court Rules of Practice & Procedure.
(2) Addition to tax is imposed under sec. 6653(b) (fraud), I.R.C. 1954. Doncaster v. Commissioner,77 T.C. 334 (1981). Calvin Holderman, Jr., pro se. Robert E. Marum, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioner for 1976 in the amount of $16,437.56, and an addition to tax under section 6653(b) [1] (fraud) in the amount of $8,218.78. The instant case was set for trial at the February 3, 1986, Hartford, *530 Connecticut, trial session. Petitioner failed to appear at the calendar call for this session, and failed to appear 2 days later, when the instant case was recalled. Respondent moved under Rule 123(b)[2] to dismiss as to the deficiency, and the case was submitted as to the addition to tax under section 6653(b). Respondent's motion to dismiss as to the deficiency is granted; the issue for decision is whether petitioner is liable for the addition to tax under section 6653(b). When the petition was filed in the instant case, petitioner resided in New Milford, Connecticut. On November 19, 1985, respondent served on petitioner a request for admissions, with attached exhibits. On November 20, 1985, respondent's request was filed with the Court pursuant to Rule 90. Petitioner failed to respond to this request, and so these requested admissions are deemed admitted and are conclusively established for purposes of the instant case. Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (CA5 1978); Rule 90(e). In 1965, petitioner *531 became employed as an airline pilot by The Flying Tiger Line, Inc. (hereinafter sometimes referred to as "Flying Tiger"). He was so employed by Flying Tiger from 1965 to 1985. Petitioner received a Form W-2 from Flying Tiger showing that in 1976 he received wages in the amount of $56,910.56, from which Federal income tax was withheld in the amount of $6,899.21. A copy of this Form W-2 was attached to the Form 1040 that petitioner filed for 1976. In addition, in 1976 petitioner received $2,158.90 in the form of "expense, per diem, reimbursement" from Flying Tiger. Also, in 1976 petitioner received interest income from several sources, in amounts totalling $15.61. Petitioner's taxable income for 1976 consists of the items and amounts shown in table 1. Table 1 Item
Amount
Wages
$56,910.56 Other income
2,174.51 Gross income
$59,085.07 Less: Itemized deductions
$18,580.66
Personal exemption
750.00
(19,330.66)
Taxable income
$39,754.41 Petitioner's 1976 Federal income tax liability, based on the taxable income shown in table 1, is $16,437.56--the amount determined by respondent in the notice of deficiency. On the Form 1040 *532 that petitioner filed for 1976, he claimed a refund of $6,899--a rounding down of the amount shown on the 1976 Flying Tiger Form W-2 as withheld income tax--and he did not show an income tax liability. [3] As a result, petitioner has an underpayment of income tax for 1976 in the amount of $16,437.56. When petitioner filed the Form 1040 for 1976, he knew that he actually had a substantial tax liability for that year. Petitioner's failure to record information that reflected his actual tax liability on the Form 1040 that he filed for 1976 was fraudulent with intent to evade tax. Petitioner fraudulently and with intent to evade tax claimed a refund in the amount of $6,899 on the Form 1040 that he filed for 1976 when he knew he had actually incurred a substantial tax liability for 1976. Petitioner's underpayment of income tax for *533 1976 is due in whole or in part to fraud with intent on the part of petitioner to evade tax. We pass over the question of whether the Form 1040 that petitioner filed for 1976 constitutes a tax return (see Reiff v. Commissioner,77 T.C. 1169, 1176-1180 (1981), and cases cited therein), since that technical question affects neither the issue for decision in the instant case nor the amount of the underpayment as defined in section 6653(c). As to the addition to tax under section 6653(b), [4] respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment, and that some part of this underpayment is due to fraud. Section 7454(a); [5] Rule 142(b); e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). *534 Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), affg. a Memorandum Opinion of this Court; [6]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence ( Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978)), and by deemed admissions ( Doncaster v. Commissioner,77 T.C. 334, 337 (1981); see Freedson v. Commissioner,supra.) Respondent need not prove the precise amount of underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. E.g., Kreps v. Commissioner,351 F.2d 1, 6 (CA2 1965), affg. 42 T.C. 660 (1964). *535 As to the existence of an underpaysment, we conclude (and we have found) that respondent has proven this fact, based on the facts deemed admitted under Rule 90(e). As to the existence of fraud as to some part of this underpayment, we conclude (and we have found), following Doncaster v. Commissioner,supra, that the facts deemed admitted under Rule 90(e) establish the existence of such fraud in the year in issue. We hold for respondent. An appropriate order granting respondent's motion under Rule 123(b) will be issued, and decision will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the year in issue.↩
2. Unless indicated otherwise, all rule references are to the Tax Court Rules of Practice & Procedure.↩
3. On the line for tax liability, petitioner showed a double asterisk, which he defined as follows: This means specific objection is made under the 5th Amendment, U.S. Constitution, to the question as to Federal Reserve Notes, and that similar objection is made to the question under the 1st, 4th, 7th, 8th, 9th, 10th, 13th, 14th and 16th Amendments↩.
4. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩
5. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary of his delegate. [The subsequent amendment of this provision by section 1906(b)(13)[sic](A) of the Tax Return Act of 1976, Pub. L. 94-455, 90 Stat. 1520, 1834, does not affect the instant case.]↩
6. T.C. Memo. 1966-81↩.