RALPH B. SCHEIBNER and DONNA R. SCHEIBNER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scheibner v. Commissioner
Docket No. 38939-84.
United States Tax Court
T.C. Memo 1986-459; 1986 Tax Ct. Memo LEXIS 155; 52 T.C.M. (CCH) 586; T.C.M. (RIA) 86459; September 18, 1986. Ralph B. Scheibner and Donna R. Scheibner, pro se. Kenneth A. Hochman and David R. Smith, for the respondent. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION SWIFT, Judge: In a statutory notice of deficiency dated August 14, 1984, respondent determined a deficiency in petitioners' Federal income tax liability for 1981 in the amount of $11,340. Respondent also determined that petitioners are liable for additions to tax for negligence under section 6653(a)(1) [1] in the amount of $567 and under section 6653(a)(2) in an amount equal to 50 percent of the interest on the portion of the underpayment attributable to negligence. *156 The issues for decision are: (1) Whether petitioners had unreported income from wages, self-employment compensation, dividends, and interest as determined by respondent; (2) whether petitioners have substantiated expenses allegedly incurred for business use of an automobile and business travel and entertainment; and (3) whether petitioners are liable for the additions to tax set forth above. FINDINGS OF FACT At the time of filing the petition herein, petitioners resided in Trenton, New Jersey. Petitioners timely filed their 1981 joint Federal income tax return. On June 24, 1986, respondent served on petitioners a request for production of documents under Rule 72. On July 1, 1986, respondent served on petitioners a request for admissions under Rule 90. Petitioners did not respond to either the request for production of documents or the request for admissions. On July 29, 1986, pursuant to a motion to compel filed by respondent, the Court ordered petitioners to comply with respondent's request for production of documents. The Court further ordered that in the event petitioners did not fully comply with the Order, the requested documents would be excluded from evidence in *157 the case, and the issues to which the requested documents pertain would be taken as set forth in the notice of deficiency. Petitioners failed to produce any documents pursuant to the Court's Order. On August 22, 1986, respondent filed herein a motion for summary judgment based upon petitioners' failure to respond to the Court's Order of July 29, 1986 (with respect to production of documents), and petitioners' failure to respond to respondent's request for admissions. Petitioners did not file a response to respondent's motion for summary judgment. When this case was called for trial on September 8, 1986, in Miami, Florida, petitioners did not appear. Our further findings of fact herein are based on those facts deemed admitted by petitioners as a result of petitioners' failure to respond to respondent's request for admissions. Rule 90(c); Freedson v. Commissioner,65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978). During 1981, petitioners received $44,295 in wages, $10,437 in self-employment compensation, $655 in dividends, and $369 in interest. Petitioners reported on their 1981 joint Federal income tax return $36,000 in wages, $8,747 *158 in self-employment compensation, $538 in dividends, and $150 in interest. Accordingly, respondent determined that petitioners had unreported gross income as reflected below: Amounts
Amounts
Unreported
Received
Reported on
Gross Income
INCOME:
By Petitioners
the Return
of Petitioners
Wages
$44,295
$36,000
$ 68,295
Self Employment
10,437
8,747
1,690
Dividends
655
538
117
Interest
369
150
219
Total
$55,756
$45,435
$10,321
OPINION Petitioners have admitted that they received in 1981 unreported taxable income from wages, self-employment compensation, dividends, and interest in the total amount of $10,321 as reflected in respondent's notice of deficiency. We sustain respondent's adjustments to petitioners' gross income. Petitioners failed to present any documentary evidence or testimony to substantiate the deductions in 1981 for automobile expenses and travel and entertainment expenses in the amounts of $5,884 and $35,082, respectively. Under section 274(d), amounts deducted for expenses incurred in connection with business travel and entertainment must be substantiated *159 by showing the amount, time, place, and business purpose of each expenditure and the business relationship of the person being entertained, where applicable. Sec. 1.274-5(b)(1), Income Tax Regs. We sustain respondent on this issue. Respondent determined an addition to tax in the amount of $567 under section 6653(a)(1) for negligence or intentional disregard of rules and regulations and an additional amount under section 6653(a)(2) equal to 50 percent of the interest with respect to the portion of the underpayment of tax attributable to negligence. Petitioners make no arguments on these issues and we sustain respondent's imposition of these additions to tax. The addition to tax under section 6653(a)(2) will be imposed on the full amount of the tax deficiency determined herein (namely $11,340). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954 as in effect during the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩