T.C. Memo. 1998-370

UNITED STATES TAX COURT

SUZANNE F. MOTTOLA, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24636-95.          Filed October 9, 1998.

Suzanne F. Mottola, pro se.

Keith L. Gorman, for respondent.

MEMORANDUM OPINION

WHALEN, Judge:  This case is before the Court to
decide respondent's oral motion for summary judgment.
At issue is whether respondent correctly determined the
following deficiencies in, and additions to, petitioner's
income tax:

|      |            | Additions to Tax |               |
|------|------------|-----------------|----------------|
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1992 | $36,284    | $9,071          | --             |
| 1993 | 38,134     | 9,534           | $1,584         |

All section references are to the Internal Revenue Code in effect during the years in issue.

During the years in issue, petitioner was a self-employed attorney. At the time she filed her petition in this case, petitioner resided in Devon, Pennsylvania.

Petitioner failed to file Federal income tax returns for the years 1992 and 1993. She did not maintain adequate books and records from which her tax liability for those years could be computed. Accordingly, respondent used the bank deposits method to reconstruct petitioner's income and determined the above tax deficiencies and additions to tax in a notice of deficiency issued to petitioner.

Respondent served a request for admissions on petitioner. Rule 90(c) of the Tax Court Rules of Practice and Procedure states that "Each matter is deemed admitted unless, within 30 days after service of the request * * * the party to whom the request is directed serves upon the requesting party: (1) a written answer * * * or (2) an objection, stating in detail the reasons therefor." All Rule references are to the Tax Court Rules of Practice and Procedure. Petitioner did not respond or object to respondent's request for admissions within 30 days after

service, or at any other time.  Accordingly, pursuant to Rule 90(c), each matter set forth therein was deemed admitted.  See Freedson v. Commissioner, 65 T.C. 333, 334-336 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Petitioner is deemed to have made the following admissions:

1.  Petitioner has not filed federal income tax returns for the taxable years 1992 and 1993.

2.  Petitioner was engaged in a trade or business during 1992 and 1993.

3.  Petitioner failed to maintain any records reflecting the income and expenses of her trade or business.

4.  During 1992 petitioner made total deposits of $104,090.44 into her bank accounts.

5.  Of the net deposits into their [sic] accounts in 1992, $0.00 represented non-taxable items.

6.  During 1993 petitioner made total deposits of $101,558.00 into her bank accounts.

7.  Of the net deposits into her accounts in 1993, $0.00 represented non-taxable items such as returned checks.

8.  Petitioner did not deposit all of her business income into her bank accounts.

9.  The entire amount of the deposits into petitioner's bank accounts in 1992 and 1993 represented taxable income.

10. Petitioner had no other non-taxable sources for the deposits made into her bank accounts.

11. During the years 1992 and 1993 petitioners [sic] failed to maintain complete and accurate records of their [sic] income.

12. In the notice of deficiency respondent determined that petitioner was liable for an [sic] additions to tax pursuant to I.R.C. § 6651(a), in the amount of $9,071.00 in 1992 and $9,534.00 in 1993.

13. Petitioner concedes her liability for the additions to tax under I.R.C. §§ [sic] 6651(a) as determined in the notice of deficiency.

14. In the notice of deficiency respondent determined that petitioner was liable for an [sic] additions to tax pursuant to I.R.C. § 6654, in the amount of $1,584.00 for the year 1993.

15. Petitioner concedes her liability for the additions to tax under I.R.C. § 6654 as determined in the notice of deficiency.

16. Petitioner concedes that the adjustments made in the statutory notice of deficiency are in all respects complete and correct.

17. Petitioner is not entitled to any of the deductions listed in her petition.

This case was calendared for trial at a prior trial session of the Court. Petitioner appeared at the call of the prior calendar and moved for a continuance, citing her own illness, her son's illness, and the fact that her accountant was "about 95 percent finished" preparing her 1992 and 1993 Federal income tax returns. The Court granted petitioner's motion for continuance but pointed out to petitioner that respondent's requests for admissions "are deemed to be facts under our rules and you didn't respond to them." In response, petitioner did not advance

any reason why the matters set forth in respondent's request for admissions should not be deemed admitted pursuant to Rule 90(c).

Petitioner did not appear when her case was called at the instant trial session in Philadelphia, Pennsylvania, on May 18, 1998. Respondent appeared through counsel and filed a motion to dismiss for lack of prosecution. Respondent's motion appeared meritorious; nevertheless, the Court ordered the case to be recalled on the following day to "give petitioner another opportunity to appear". On the following day, petitioner did not appear initially when her case was called, and the Court orally granted respondent's motion to dismiss for lack of prosecution.

Shortly thereafter, petitioner appeared and asked the Court to vacate the dismissal of her case. She stated that she had prepared a delinquent return for 1992, one of the 2 years in issue, that showed an overpayment of $1,545.63. Petitioner did not proffer a return for 1993, but she represented that "the same is true [i.e., that there is an overpayment] * * * with respect to 1993." She asked the Court to allow her "to file the returns and have the Internal Revenue examine them and make sure that they are accurate." Petitioner also claimed to have

documentation to substantiate her position that respondent had overstated her income in the notice of deficiency.

Respondent's counsel objected to petitioner's motion to vacate the dismissal of her case and argued that petitioner had failed to properly prosecute her case. Furthermore, respondent argued that the Court should not vacate its dismissal because, based upon the deemed admissions, the Court would be required to reach the same result. Respondent argued that petitioner is deemed to have admitted all of the facts necessary for decision in respondent's favor.

The Court accepted petitioner's explanation and vacated the granting of respondent's motion to dismiss for lack of prosecution, whereupon, respondent made an oral motion for summary judgment based upon petitioner's admissions, quoted above. The Court took respondent's motion under advisement but stated that it would recall the case in approximately 3 days in order to give petitioner another opportunity to meet with respondent's agents and to present her returns and documentation to them, so that her correct tax liability could be computed. In effect, the Court gave petitioner the relief she had requested. Nevertheless, petitioner failed to meet with respondent's agents. She has also failed to file an objection to

respondent's motion for summary judgment or any other pleading with the Court.

The Court may grant summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The party opposing the motion may not rest upon mere denials, but "must set forth specific facts showing that there is a genuine issue for trial." Rule 121(d). However, the moving party, respondent in this case, bears the burden of proving there is no genuine issue of material fact and that a decision may be rendered as a matter of law. Jacklin v. Commissioner, 79 T.C. 340, 344 (1982); Espinoza v. Commissioner, 78 T.C. 412, 416 (1982).

The first issue for decision is whether petitioner is liable for the deficiencies determined by respondent for 1992 and 1993. Petitioner is deemed to have admitted that the deposits to her bank accounts in the amount of $104,090.44 in 1992 and $101,558 in 1993 are includable in gross income, and she "is not entitled to any of the deductions listed in her petition." Based thereon, we

sustain respondent's determination of a tax deficiency for 1992 of $36,284.

With respect to 1993, we note that the tax deficiency determined by respondent, $38,134, is based upon gross receipts from petitioner's business or profession in the amount of $103,328. However, petitioner is deemed to have admitted receiving gross receipts of $101,558, $1,770 less than the amount determined in the notice of deficiency. Respondent concedes that the tax deficiency and additions to tax for 1993 should be based upon the gross receipts admitted by petitioner, $101,558. At the hearing of respondent's motion, respondent submitted a recomputation of the tax and additions to tax for 1993 based upon the gross receipts admitted by petitioner. Respondent's recomputation was filed as computation in support of the motion for summary judgment. Petitioner did not object to respondent's recomputation. Accordingly, in conformity with respondent's recomputation, we find that the deficiency in petitioner's tax for 1993 is $37,439.

The next issue for decision is whether petitioner is liable for the addition to tax under section 6651(a)(1) for failure to file timely Federal income tax returns for 1992 and 1993. Section 6651(a)(1) imposes an addition to tax for failure to file a timely return, unless such failure

is due to reasonable cause and not due to willful neglect. United States v. Boyle, 469 U.S. 241, 243 (1985). Section 6651(a) imposes an addition to tax equal to 5 percent of the tax required to be shown as tax on the return for every month, or fraction thereof, that the return is late (not to exceed 25 percent in the aggregate). Sec. 6651(a)(1).

Petitioner is deemed to have admitted that she did "not file federal income tax returns for taxable years 1992 and 1993." She is also deemed to have admitted "liability for the additions to tax under I.R.C. §§ [sic] 6651(a) as determined in the notice of deficiency." Accordingly, we sustain respondent's determination as to the additions to tax under section 6651(a)(1). For 1992, the amount of the addition is $9,071, the amount determined in the notice of deficiency. For 1993, the amount of the addition is $9,360, the amount set forth in respondent's recomputation.

The final issue for decision is whether petitioner is liable for the additions to tax for failure to pay estimated income tax under section 6654(a) for 1993. Section 6654(a) imposes an addition to tax equal to the amount of the underpayment multiplied by the underpayment rate established under section 6621 for the period of the underpayment. Respondent recomputed an addition to tax under section 6654(a) of $1,553. The addition to tax under

section 6654(a) is mandatory unless petitioner can prove that she complies with one of the exceptions contained in section 6654(e).  <u>Baldwin v. Commissioner</u>, 84 T.C. 859, 871 (1985); <u>Grosshandler v. Commissioner</u>, 75 T.C. 1, 20-21 (1980).

Petitioner is deemed to have admitted "liability for the additions [sic] to tax under I.R.C. sec. 6654 as determined in the notice of deficiency."  Accordingly, we sustain respondent's determination as to the addition to tax under section 6654.  The amount of the addition is $1,553, the amount set forth in respondent's recomputation.

To reflect the foregoing,

<u>An order granting</u>
<u>respondent's oral motion for</u>
<u>summary judgment and decision</u>
<u>will be entered for respondent</u>.