**W. A. SHAW and Grace Shaw, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

No. 13299.

United States Court of Appeals
Sixth Circuit.

Feb. 19, 1958.

K. Harlan Dodson, Jr., and John J. Hooker, Nashville, Tenn., Hooker, Keeble, Dodson & Harris, Nashville, Tenn., of counsel, for petitioner.

Charles K. Rice, Asst. Atty. Gen., John N. Stull, Nelson P. Rose, Rollin H. Transue and S. Dee Hanson, Washington, D. C., for respondent.

Before ALLEN, McALLISTER and STEWART, Circuit Judges.

ALLEN, Circuit Judge.

This case arises on petition to review a decision of the United States Tax Court which determined deficiencies in income tax totalling $31,932.93 and additions thereto for 50% fraud penalties to the amount of $15,966.47 for the taxable years 1945 to 1947, inclusive, against W. A. Shaw and for 1949 against W. A. Shaw and his wife, Grace Shaw.

The Commissioner had determined deficiencies for the years 1941 to 1947, inclusive, as well as for 1949. Unless fraud was established by the Commissioner the assessments for the years 1941 through 1946, inclusive, were barred by the statute of limitations. The Tax Court found that the Commissioner failed to establish the assessments on the basis of net worth for the years 1941 to 1944, inclusive, and dismissed the assessment as to those years.

The Tax Court filed an exhaustive and careful opinion presenting numerous financial tables of income tax returns, inventories, notes recorded in county records, etc., which formed the principal basis of the Commissioner's computation. It is not necessary to repeat the facts in detail. The findings of the Tax Court are amply supported by the record.

As to the fraud penalties which are vigorously attacked, the Tax Court enforced the applicable law that the burden is on the Commissioner to prove fraud by clear and convincing evidence. Drieborg v. Commissioner of Internal Revenue, 6 Cir., 225 F.2d 216. The taxpayer produced no books or records showing income from his business as owner of a general store for the taxable years. He admitted to the revenue agent that, although he had kept such books and records regularly, these had been destroyed in each year after his income tax returns had been prepared and filed. The Tax Court correctly concluded that the failure of taxpayer W. A. Shaw to testify or to introduce evidence regarding any of the items in dispute was not sufficient to sustain the Commissioner's determination of fraud. However, as the Tax Court pointed out, this failure to testify resulted in a record which presented no explanation as to circumstances requiring explanation.

During the proceedings the taxable assets and the taxable liabilities were stipulated by the parties and most of the items in the Commissioner's net worth calculation were agreed to. One item not agreed to was that of personal notes receivable estimated by the Commissioner as being $4,008 for 1945; $37,785.50 for the year 1946; $34,455 for the year 1947 and $36,673.24 for 1949. These figures were based upon substantial evi-

dence. It was shown that taxpayer held numerous notes receivable as the result of personal loans made by him and recorded in the office of the Register of Deeds for two Tennessee counties. For the period covering the calendar years 1930 to 1949, 93 notes were disclosed secured by chattel mortgages for amounts running from $42.10 to $2,295.33, none of which had been released or cancelled of record. The Commissioner's computation of this item of notes receivable is also based upon the amounts of other notes stipulated to be owned by taxpayer and upon the amounts of trust deeds recorded in the office of the Register of Deeds for two Tennessee counties in the name of E. L. Shaw or R. D. Shaw as trustees for taxpayer. Lacking any explanation of these personal notes receivable, the Tax Court rightly accepted the Commissioner's calculations as substantially correct.

The understatements of income calculated by the Commissioner for the taxable years were $9,572.65 for 1945; $39,529.42 for 1946; $14,927.45 for 1947; and $31,482.36 for 1949 (against taxpayer and his wife.) The net income reported on the return for these years was $2,665.33 for 1945; $3,963.64 for 1946; $4,605.52 for 1947; and $3,474.88 for 1949. The net income determined for the same years by the Commissioner was $12,237.98 for 1945; $43,493.06 for 1946; $19,532.97 for 1947; and $34,957.24 for 1949.

The consistent understatement of substantial amounts of income is persuasive evidence of fraud. United States v. Calderon, 348 U.S. 160, 75 S.Ct. 186, 99 L.Ed. 202; Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150; Rogers v. Commissioner of Internal Revenue, 6 Cir., 111 F.2d 987; Kurnick v. Commissioner of Internal Revenue, 6 Cir., 232 F.2d 678; Epstein v. United States, 6 Cir., 246 F.2d 563.

The decision of the Tax Court is affirmed upon the grounds and for the reasons stated in the findings of fact and conclusions of law of the Tax Court.