FLOYD AUGUSTINE WRIGHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wright v. Commissioner
Docket No. 9125-83.
United States Tax Court
T.C. Memo 1985-103; 1985 Tax Ct. Memo LEXIS 526; 49 T.C.M. (CCH) 906; T.C.M. (RIA) 85103; March 7, 1985. David L. Denier, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This matter was assigned to the undersigned pursuant to the provisions of section 7456(d) and Rules 180 and 181 [1] in order to consider respondent's Motion for Summary Judgment. The matter was duly set for hearing in San Francisco, California, but petitioner failed to appear. He did, however, file an "Argument Against Motion for Summary Judgment" in which he contests the jurisdiction of this Court and requests that his case be dismissed. *528 Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Tax
§ 6653(b)
§ 6654
1973
$1,006
$503
$20.14
1974
1,774
887
57.00
1975
211
106
Petitioner timely filed his petition herein, at which time he was a resident of Grass Valley, California. In his petition he alleged that he had studied the law and concluded that he was not a person obligated to file returns because his revenues are nontaxable. He further alleged the bar of the statute of limitations. Respondent, by answer, set forth affirmative allegations in support of his imposition of the addition to tax for fraud under section 6653(b) in response to petitioner's allegation of the bar of the statute of limitations. Petitioner failed to reply to these allegations and this Court subsequently granted respondent's motion under Rule 37 for the entry of an order that the undenied allegations in the answer be deemed admitted. Although given an opportunity to file a reply prior to the entry of our order under Rule 37, petitioner chose not to do so. The facts (all deemed admitted under Rule 37) for purpose of our determination of respondent's *529 motion for summary judgment are as follows: Petitioner's background. Petitioner was graduated from Loyola University in 1951 with a degree in business administration. He was employed as an auditor for the Board of Equalization, Transportation Tax Division, Los Angeles, from July 1951 to April 1952; he was employed as an accountant from April 1952 to December 1953. He was licensed by the State of California as a real estate salesman in 1953 and as a real estate broker in 1954. During each of the taxable years he was engaged in a real estate brokerage business. 1969, 1970, 1971 and 1972 taxable years. Petitioner filed Federal income tax returns and paid Federal income tax in each of these years. 1973 taxable year. Petitioner mailed to the Internal Revenue Service a photocopy of a Form 1040 on which he had placed the word "NONE" on lines requiring the listing of wages, salaries, tips or other employee compensation, dividends, interest income and other income. He also indicated "NONE" in regard to tax liability and requested a refund of $600 in estimated tax payments. There was removed from this document the declaration under penalties of perjury that the return *530 was true, correct and complete. Thereafter, on February 18, 1975, petitioner filed Form 1040X (amended return) for the same year. This amended return, with the words "Under penalties of perjury" deleted, indicated that no refund was due and had attached to it 23 pages of tax protester material, the gist of which is the unconstitutionality of the 16th Amendment to the Constitution, federal reserve notes are not dollars which are defined as 412.5 grains of silver, there is inequitable taxation as the rich are allowed to use loopholes, the tax laws are vague, a jury has the right to decide the reasonableness and fairness of a law, and judicial officers are supposed to be elected by the voters. Later, under date of May 12, 1975, petitioner filed yet another Form 1040 for the year 1973. This "return" contained a statement "The undersigned did not receive any 'dollars' during 1973. However, some Federal Reserve Notes were received." Listed on the line for wages was the word "NONE;" on the dividend line 20.00 F.R.N. (presumably federal reserve notes), the words "Object (5th Amend) Self Incrimination" on lines for interest, other income, total income, adjusted gross income, tax, income *531 tax, other taxes, total tax and balance due the Internal Revenue Service. The words "Under penalties of perjury" were deleted from this form.To this form was attached a 24-page "explanation" of petitioner's views substantially similar to his other earlier appendages, but with an additional page entitled "Religious Interference" which appears to be complaining about the use of income tax funds for contraception and abortion, as well as aid to Russia, China and Yugoslavia. 1974 taxable year. Petitioner mailed a Form 1040 for 1974, dated February 14, 1975, to the Internal Revenue Service. Once again he entered the word "NONE" in response to lines requiring the listing of wages, salaries, tips or other employee compensation, dividends, interest income and other income. Here, too, he indicated "NONE" in regard to income tax, other taxes and total taxes. To this form was attached the same 23-page document as was attached to the Form 1040X for 1973. The words "Under penalties of perjury" were deleted from this form. Later, dated September 3, 1975, petitioner filed another Form 1040 for 1973-1974 labeled "Amendment to the Amended" in which the Fifth Amendment objections were made *532 and to which was attached the same 24-page photocopied material as was attached to the 1973 Form 1040 dated May 12, 1975. 1975 taxable Year. Petitioner mailed no forms or documents to the Internal Revenue Service pertaining to 1975. Petitioner's income. Petitioner earned the following income in the three years in question: 1973
1974
1975
Commission, income,
real estate sales
$7,935.83
$6,906.22
$2,078.00
Profits, sale of
dehydrated food products
2,269.63
334.87
Long-term capital gain,
real estate sales
1,951.35
3,152.06
Long-term capital gain,
Day Mines stock sales
259.22
Long-term capital gain,
partnership of Sunyich,
Wright & Sunyich
10,694.75
79.00
Ordinary income, above
partnership
4,117.50
324.00
Ordinary loss, above
partnership
307.84
Interest income
188.34
16.59
Ordinary income, Reidenbaugh,
Goodwin, Aegenter
partnership
48.16
Petitioner's business
expenses: Depreciation
1,317.14
67.08
67.08
Rent
1,500.00
1,500.00
Interest
51.18 During each of the taxable years here involved, petitioner was married to Violet I. Wright and was domiciled in California, a community property state. For *533 each year, respondent computed petitioner's income tax liability by allocating to him his one-half share of community income and computing the tax liability by rates applicable to married persons filing separately. Petitioner's adjusted gross income and the income tax due thereon are: Year
Adjusted Gross Income
Income Tax
1973
$5,685.18
$1,006
1974
6,699.21
1,774
1975
1,354.65
211
Petitioner failed to pay any portion of his income tax liability for 1973, 1974 and 1975. His failure to file income tax returns in each year was due to fraud with intent to evade tax, and a part of the underpayment in each year is due to fraud. Petitioner failed to make available to the auditing agent of respondent any records of income and expenses which petitioner maintained for the taxable years 1973 and 1974. Upon issuance of our order under Rule 37, deeming admitted the undenied allegations of fact in respondent's answer, the pleadings in this case were closed. See Rule 38. It was then appropriate for respondent to file his motion for summary judgment. Petitioner bears the burden of proving that the respondent's deficiency determination is incorrect. Welch v. Helvering,290 U.S. 111 (1933), *534 Rule 142(a). Petitioner, although given ample opportunity by this Court, has refused to respond to the Commissioner's determination, other than to state in his petition that he is not a person obligated to file returns because his revenues are nontaxable, and in his opposition to the motion for summary judgment to contend that this Court, whose jurisdiction he freely invoked by filing his petition herein, is without jurisdiction over him. We have no intention of wasting the resources of this Court by responding to these arguments. They have been rejected out-of-hand in cases now too numerous to count, and we once again reject them without discussion. See Rowlee v. Commissioner,80 T.C. 1111 (1983). Petitioner has realized his share of community property income from his services for each of the years 1973, 1974 and 1975, and his individual gross income for the years and the amounts of tax due thereon are as set forth above, all of which amounts have been deemed admitted by this court pursuant to Rule 37(c). Petitioner failed to file valid Federal income tax returns for 1973 and 1974. The numerous documents filed by him do not constitute income tax returns because, *535 among other things, they do not contain any information relating to his income and deductions from which tax can be computed. See United States v. Daly,481 F.2d 28 (8th Cir. 1973); United States v. Porth,426 F.2d 519 (10th Cir. 1970); Reiff v. Commissioner,77 T.C. 1169, 1176-1180 (1981). In 1975 he failed to file any return whatsoever. Thus, as to all of the years in question, the statute of limitations presents no bar. Sec. 6501. Unlike the presumption of correctness which generally attached to determinations made in the notice of deficiency, the burden of proving the applicability of the addition to tax for fraud is on respondent. Sec. 7451(a); Rule 142(b). In order to sustain this burden, respondent must affirmatively show, through clear and convincing evidence, that petitioner underpaid his taxes and that such underpayment resulted from an intentional wrongdoing designed to evade taxes believed to be owing. Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); Stone v. Commissioner,56 T.C. 213, 220 (1971); Beaver v. Commissioner,55 T.C. 85, 92 (1970). Although *536 respondent need not show the precise amount of the underpayment which resulted from fraud, Plunkett v. Commissioner,465 F.2d 299, 303 (7th Cir. 1972), affg. a Memorandum Opinion of this Court, it must at least be shown by affirmative evidence that some fraudulent underpayment of tax in fact existed in order for respondent to prevail. Otsuki v. Commissioner,53 T.C. 96, 105 (1969). If respondent establishes that petitioner fraudulently underpaid his taxes in any amount, the section 6653(b) addition to tax attaches to the entire deficiency. Shaw v. Commissioner,27 T.C. 561, 570 (1956), affd. 252 F.2d 681 (6th Cir. 1958). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The burden placed upon respondent can be satisfied through those facts deemed admitted and conclusively established pursuant to Rule 37(c). See Miller v. Commissioner,T.C. Memo. 1983-476, and Hindman v. Commissioner,T.C. Memo. 1983-389. *537 Here, material factual allegations in respondent's reply have been admitted and conclusively established. In our view, the facts set forth above clearly and convincingly establish fraud with intent to evade tax and we rely on them insustaining respondent's determinations under section 6653(b). We note that petitioner is an educated person who filed returns and paid taxes in earlier years. Petitioner omitted all items of income from his purported returns for 1973 and 1974 and filed no return whatsoever for the year 1975. He did this despite his knowledge of required reporting procedures, as evidenced by his earlier proper returns and payment of taxes in 1969, 1970, 1971 and 1972. There were no changes in the law in this regard. Petitioner was able to locate Gregory v. Helvering,293 U.S. 465 (1935), portions of which he included with the other material attached to his "returns." He could have continued his search of the tax laws to locate the many cases which hold that compensation for services constitute gross income, section 61, had he chosen to do so. He failed to submit any records of his income and expenses for 1973 and 1974, although requested to do so *538 by the examining agent of respondent. Respondent has more than borne his burden of proving the existence of fraud for each of the years in question.The admitted affirmative factual allegations of fraud alone suffice to carry respondent's burden of proof herein. Doncaster v. Commissioner,77 T.C. 334 (1981), Taylor v. Commissioner,T.C. Memo. 1983-691, affd. without published opinion, 739 F.2d 631 (5th Cir. 1984). Petitioner was given ample opportunity to reply to the affirmative allegations of the amended answer. He himself chose not to do so. He could have been heard had he so wished but he chose to remain silent. We hold that respondent has succeeded in proving fraud for each year in question. We therefore hold that petitioner is liable for the additions to tax for fraud pursuant to section 6653(b) as determined in amount by respondent. In addition, we hold petitioner liable for the mandatory additions to tax under section 6654 for failure to pay estimated taxes as determined by respondent. Rule 121 provides that a party may move for summary judgment upon all or any part of the legal issues in controversy so long as there *539 are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." In addition to those facts deemed admitted by our Rule 37 order, this record contains a complete copy of the notice of deficiency, the petition, the answer and the various documents filed by petitioner with the Internal Revenue Service for the years in question. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record, and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary judgment is a proper procedure for disposition of this case. Respondent's motion for summary judgment will be granted in every respect. We turn briefly to petitioner's contention that this Court lacks jurisdiction of this matter and his request that we dismiss his petition so that the Internal Revenue Service can seek the taxes in a Federal District Court. Petitioner labeled his petition *540 herein as a "special appearance." There is, however, no provision for a special appearance in the United States Tax Court. See Sauers v. Commissioner,T.C. Memo. 1984-367; Bartlett v. Commissioner,T.C. Memo. 1984-480. Our jurisdiction is predicated upon the issuance of a notice of deficiency under section 6212 and the timely filing of a petition under section 6213. Both of these events have occurred here. By the filing of the petition, petitioner forestalled the assessment and collection of the deficiency determined by respondent. Secs. 6213(a) and (c). The quid pro quo is the relinquishment of petitioner's option of paying the tax and then suing for a refund in an United States District Court or the United States Claims Court. Sec. 6512(a). See Fox v. Commissioner,T.C. Memo. 1884-519; DeNicola v. Commissioner,T.C. Memo. 1984-479. Further, we can not permit the withdrawal of a petition without prejudice. Estate of Ming v. Commissioner,62 T.C. 519, 524 (1974). The statutory mandate is clear. Section 6512 provides, in pertinent part: (a) Effect of Petition to Tax Court.-- If the *541 Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) * * * and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) * * * no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court * * *. It is the filing of a valid petition in the Tax Court and not any action taken by the Court which bars a subsequent refund suit in a United States District Court or the United States Claims Court. Dorl v. Commissioner,57 T.C. 720, 721-722 (1972), affd. 507 F.2d 406 (2d Cir. 1974). Under section 7459(d), once a petition is filed in the Tax Court and the Court dismisses the case for any reason other than lack of jurisdiction, the Court must enter an order finding the deficiency to be the amount determined by the Commissioner in his notice of deficiency, unless the Commissioner reduces the amount of his claim. Estate of Ming v. Commissioner, supra, at 522. See also Graham v. Commissioner,76 T.C. 853, 858 (1981); Rule 123(d). Thus, once petitioner filed his petition with this Court, he was required to contest his tax liability *542 in this forum. Petitioner chose us. We did not choose him. We now consider, sua sponte, the impact of section 6673 upon this matter. Section 6673 provides that: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. This petition is frivolous. We award damages to the United States in the amount of $1,000. An appropriate order and decision will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩