ALLEN J. BIERSCHBACH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bierschbach v. Commissioner
Docket No. 27585-85.
United States Tax Court
T.C. Memo 1988-199; 1988 Tax Ct. Memo LEXIS 230; 55 T.C.M. (CCH) 790; T.C.M. (RIA) 88199; May 4, 1988. Mary E. (Betsy) Pierce, for the respondent. WELLS
MEMORANDUM FINDINGS OF FACT AND OPINION WELLS, Judge: Respondent determined deficiencies in income tax and additions to tax as follows: Addition to Tax Under Section
Year
Deficiency
6653(a)(1) [1]
6653(a)(2)
6653(b)
1977
$ 1,099
$   550
1978
1,998
999
1979
2,345
1,173
1980
3,529
1,765
1981
1,618
$ 80.90
*
1982 [2]
512
25.60
**
1983
555
27.75
***
*231 The following issues are presented for decision: (1) whether petitioner, who reported fictitious farm losses *232 on his 1977, 1978 1979, and 1980 Federal income tax returns and failed to report rental income from residential property owned by him on his 1978, 1979, and 1980 Federal income tax returns, is liable for additions to tax for fraud under section 6653(b); and (2) whether respondent is barred by the statute of limitations, section 6501, from assessing deficiencies in income tax and additions to tax for the 1977, 1978, 1979, and 1980 taxable years. Procedural Background
On February 6, 1987, respondent served petitioner with interrogatories and a request for admissions. Petitioner responded to neither the interrogatories nor the request for admissions. On April 2, 1987, respondent filed a motion to compel responses to respondent's interrogatories and requested the imposition of sanctions if petitioner failed to comply with any order issued by this Court. The Court ordered petitioner to respond to respondent's interrogatories on or before April 20, 1987, and scheduled for a hearing to be held on May 18, 1987, the portion of respondent's motion seeking the imposition of sanctions. Petitioner did not comply with the Court's Order. On March 17, 1987, respondent sent petitioner *233 a proposed stipulation of facts to which petitioner failed to agree or otherwise respond. [3] On April 7, 1987, respondent filed a Motion to Show Cause Why Facts and Evidence Should Not be Accepted as Established, pursuant to Rule 91(f). This motion related to respondent's proposed stipulation of facts and attached exhibits. On April 22, 1987, the Court ordered petitioner to show cause why the proposed stipulation of facts should not be accepted as established for purposes of this case, and scheduled the matter for a hearing to be held on May 13, 1987. On May 13, 1987, petitioner failed to appear at the hearing, and the Court therefore made absolute its Order to Show Cause and deemed the facts contained in respondent's proposed stipulation of facts as established for purposes of this case. This case was called for trial on May 19, 1987, in St. Paul, Minnesota. Petitioner did not appear at such time, and respondent orally moved to dismiss the case with respect to all issues except the issue *234 whether petitioner is liable for additions to tax for fraud under section 6653(b) for the 1977, 1978, 1979, and 1980 taxable years. At trial, respondent did not offer any evidence on the fraud issue and rested his case upon the facts deemed established by the Court's Order dated May 13, 1987. The Court took respondent's motion to dismiss under advisement, and ordered that simultaneous briefs be filed with respect to the fraud issue on or before August 3, 1987. Petitioner failed to file a brief by such time. Fraud Issue
As noted, the facts contained in respondent's proposed stipulation of facts were deemed established for purposes of this case. The stipulation of facts and attached exhibits are incorporated herein by this reference. The following facts are those deemed established. Petitioner resided in Melrose, Minnesota, at the time he filed the petition in this case. For the 1977 taxable year, petitioner filed a Federal income tax return to which was attached a Schedule F. On that Schedule F, petitioner reported income and expenses for a net farm loss of $ 4,935. Petitioner used that loss to reduce the income reported on his return. For the 1978 taxable year, *235 petitioner filed a Federal income tax return to which was attached a Schedule F. On that Schedule F, petitioner reported income and expenses for a net farm loss of $ 8,687.33. Petitioner used that loss to reduce the income reported on his return. Petitioner also failed to report rental income of $ 482 for the 1978 taxable year. For the 1979 taxable year, petitioner filed a Federal income tax return to which was attached a Schedule F. On that Schedule F, petitioner reported income and expenses for a net farm loss of $ 9,532.92. Petitioner used that loss to reduce the income reported on his return. Petitioner also failed to report rental income of $ 1,974 for the 1979 taxable year. For the 1980 taxable year, petitioner filed a Federal income tax return to which was attached a Schedule F. On that Schedule F, petitioner reported income and expenses for a net farm loss of $ 12,102. Petitioner used that loss to reduce the income reported on his return. Petitioner also failed to report rental income of $ 962.50 for the 1980 taxable year. Petitioner did not own, rent, or otherwise operate a farm during the 1977, 1978, 1979, and 1980 taxable years. During the 1977, 1978, 1979, *236 and 1980 taxable years, petitioner did not have any income, expenses, or net operating losses from the operation of a farm. For the 1977, 1978, 1979, and 1980 taxable years, petitioner did not maintain any books, ledgers, journals, or other records in which petitioner recorded income and expenses for a farm. In September 1978, petitioner purchased residential property at 220 West Riverside, Melrose, Minnesota, from Elizabeth Fichtinger. Petitioner rented that property to John Schofield from October 1978 through June 1979. A payment by John Schofield in September 1978 for $ 225 included a damage deposit of $ 50. For the 1978 taxable year, John Schofield paid rent to petitioner totalling $ 482. For the 1979 taxable year, John Schofield paid rent to petitioner totalling $ 1,050. Petitioner rented the property at 220 West Riverside to Vernon M. Althaus from August 1, 1979, through June 30, 1980. For the 1979 taxable year, Vernon M. Althaus paid to petitioner a $ 100 damage deposit and rent totalling $ 824. For the 1980 taxable year, Vernon M. Althaus paid the following rent to petitioner: January
$ 175.00
February
175.00
March
175.00
April
175.00
May
175.00
June
87.50
Total
$ 962.50
*237 Petitioner pleaded guilty in United States District Court to willfully and knowingly making and subscribing a United States Individual Income Tax Return, Form 1040, for the taxable year 1980, which return was verified by a written declaration that it was made under penalties of perjury, was filed with the Internal Revenue Service, and was not a true and correct copy as to every material matter, in violation of 26 U.S.C. section 7206(1) (1982). The issue to be decided is whether petitioner is liable for additions to tax for fraud for the years in issue. Respondent bears the burden of proving by clear and convincing evidence that petitioner underpaid his taxes for each year in issue, and that some part of the underpayment was due to fraud. Section 7454(a); Rule 142(b); Hebrank v. Commissioner,81 T.C. 640, 642 (1983). For purposes of establishing that some part of an underpayment was due to fraud, respondent's burden is met if it is shown that petitioner intended to evade taxes believed to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983); *238 Gajewski v. Commissioner,67 T.C. 181, 199-200 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Rowlee v. Commissioner, supra at 1123; Gajewski v. Commissioner, supra at 199; Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969). Fraud is never presumed, but rather must be established by some independent evidence of fraudulent intent. Kotmair v. Commissioner,86 T.C. 1253 (1986); Beaver v. Commissioner,55 T.C. 85, 92 (1970). Respondent may carry his burden on the basis of reasonable inferences to be drawn from the record, but he may not rely on petitioner's failure to carry his burden of proof as to the underlying deficiency. Habersham-Bey v. Commissioner,78 T.C. 304, 311-312 (1982). Moreover, as to each year in issue, respondent need only prove that "any part of any underpayment * * * is due to fraud." Section 6653(b)(1); Estate of Beck v. Commissioner,56 T.C. 297, 362 (1971). Direct proof of a taxpayer's intent *239 is rarely available; therefore, fraud may be proved by circumstantial evidence. Spies v. United States,317 U.S. 492 (1943); Rowlee v. Commissioner, supra.Petitioner's entire course of conduct may establish the requisite fraudulent intent. Otsuki v. Commissioner, supra.
The evidence in this case consists of facts established pursuant to Rules 91(f) and 90(c). Respondent's burden of proof on the issue of fraud can be satisfied through facts deemed admitted. Marshall v. Commissioner,85 T.C. 267 (1985); Doncaster v. Commissioner,77 T.C. 334 (1981). We first determine whether respondent has proved by clear and convincing evidence that an underpayment of petitioner's taxes exists for the taxable years in issue. The facts demonstrate that petitioner reported fictitious farm losses to offset wages and other income for taxable years 1977, 1978, 1979, and 1980. Such fictitious deductions result in an underpayment of taxes by petitioner for those years. Moreover, petitioner's failure to report rental income for taxable years 1978, 1979, and 1980 also results in an underpayment of taxes by petitioner *240 for those years. Thus, respondent has established by clear and convincing evidence that an underpayment of petitioner's taxes exists for the 1977, 1978, 1979, and 1980 taxable years. We next determine whether respondent has proved by clear and convincing evidence that petitioner fraudulently intended to understate his taxes for the taxable years in issue. The facts deemed established provide considerable evidence of petitioner's fraudulent intent. First, petitioner has been indicted and has pleaded guilty under section 7206(1) to filing a false and fraudulent return for the 1980 taxable year. Petitioner's conviction does not collaterally estop him from denying fraud. Wright v. Commissioner,84 T.C. 636 (1985). However, "a conviction for willful falsification, under section 7206(1), while not dispositive, will be one of the facts to be considered in a trial on the merits." Wright v. Commissioner, supra at 643-644. In this case, we find that petitioner's guilty plea to filing a false and fraudulent return is evidence of petitioner's fraudulent intent. Another indication of petitioner's fraudulent intent is the claiming of fictitious farm losses *241 for the taxable years 1977 to 1980. [4] Evidence of petitioner's fraudulent intent also is found in petitioner's (1) pattern of reporting nonexistent, fictitious farm losses for four years, and (2) failure to report income received from renting his residential property for those years. See Blackwell v. United States,244 F.2d 423, 429 (8th Cir. 1957); Otsuki v. Commissioner,53 T.C. 96 (1969). Moreover, petitioner completely failed to cooperate in the resolution of this case and failed to appear for trial; such facts indicate a deliberate effort by petitioner to conceal the true facts concerning his tax liability. [5]
Based upon the record as a whole, we find that respondent has proved by clear and convincing evidence that petitioner fraudulently intended to understate his taxes for the years in issue. Therefore, since we have already found that respondent has proved by clear and convincing evidence that an underpayment of petitioner's taxes exists for the years in issue, *242 respondent's determination of additions to tax for fraud under section 6653(b) will be upheld. Statute of Limitations
In view of our conclusion with respect to the fraudulent nature of the 1977, 1978, 1979, and 1980 returns, respondent's deficiency notice could have been issued at any time under section 6501(c)(1). Therefore, the issuance of such notice was timely. Singleton v. Commissioner,606 F.2d 50 (3d Cir. 1979), affg. a Memorandum Opinion of this Court; Shaw v. Commissioner,27 T.C. 561 (1956), affd. 252 F.2d 681 (6th Cir. 1958). We therefore conclude that the assessment of the deficiencies and the additions to tax for those years is not barred by the statute of limitations. [6]
To reflect the foregoing, An appropriate order and decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect during the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. ↩
*. 50% of the interest due on $ 166. ↩
2. In the statutory notice of deficiency, respondent determined for the 1982 taxable year a deficiency in income tax of $ 848, an addition to tax under section 6653(a)(1) of $ 42.40, and an addition to tax under section 6653(a)(2) that was equal to 50 percent of the interest due on $ 708. When the case was called for trial, petitioner did not appear, and respondent therefore moved to dismiss this case (see infra↩). As part of his motion, respondent asserted for the 1982 taxable year a deficiency in income tax that was reduced from $ 42.40 to $ 25.60, and an addition to tax under section 6653(a)(2) that was reduced from an amount equal to 50 percent of the interest due on $ 708 to an amount equal to 50 percent of the interest due on $ 372. **. 50% of the interest due on $ 372. ↩
***. 50% of the interest due on $ 415. ↩
3. The proposed stipulation of facts was based upon facts deemed admitted pursuant to Rule 90(c) by reason of petitioner's failure to respond to respondent's request for admissions. ↩
4. See Baldwin v. Commissioner,T.C. Memo. 1955-200↩ (nonexistent partnership losses). 5. Baldwin v. Commissioner,T.C. Memo. 1984-119↩. 6. Respondent's motion to dismiss this case with respect to all issues on which petitioner had the burden of proof therefore will be granted. Rule 123(b). Respondent's motion for sanctions for petitioner's failure to answer respondent's interrogatories is deemed moot. ↩