JOHN SCHLAUCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schlauch v. Commissioner
Docket No. 16264-89
United States Tax Court
T.C. Memo 1992-209; 1992 Tax Ct. Memo LEXIS 225; 63 T.C.M. (CCH) 2695; April 7, 1992, Filed *225 Decision will be entered for respondent but only in the amounts set forth in the notice of deficiency. Held: Respondent has failed to show by clear and convincing evidence that petitioner has an underpayment due to fraud for either of the years in issue. Sec. 6653(b), I.R.C. 1954. Iris K. Rothman, for respondent. CHABOT
CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(a)[1] (negligence, etc.) and 6661(a) (substantial understatement of income tax), as follows: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2) [1]
Sec. 6661(a)
1982
$ 73,700
$ 3,689
[2]
$ 18,443
1985
20,700
1,035
[3]
5,175
*226 By amendment to answer, respondent asserted increased deficiencies, additions to tax under section 6653(b) (fraud), and increased additions to tax under section 6661, such that the totals are as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661(a)
1982
$ 73,861
$ 36,931
[1]
$ 18,465
1985
68,682
34,341
[2]
17,171
By the same amendment to answer, respondent asserted in the alternative increased additions to tax under section 6653(a), such that the totals are as follows: Additions to Tax
Year
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1982
$ 3,693
[1]
1985
3,434
[2]
*227 As sanction for petitioner's failure to comply with the Court's order as to discovery motions, the Court dismissed the case as to those matters on which petitioner had the burden of proof, but not as to those matters on which respondent had the burden of proof. (The Court concluded that the well-pleaded facts in respondent's amendment to answer were not clear and convincing evidence of fraud; accordingly, the Court did not impose the fraud additions to tax in the sanction order.) Subsequently, respondent conceded in her pretrial memorandum the increases in the amounts of the deficiencies and nonfraud additions to tax as to 1985, and correspondingly reduced the asserted additions to tax under section 6653(b). In her opening statement at the trial, respondent made corresponding concessions as to 1982. As a result of the foregoing, the issue for decision is whether petitioner is liable for additions to tax under section 6653(b) (fraud) for 1982 and 1985. As the Court was about to convene for the trial, we were informed that petitioner had died 3 days earlier. Petitioner's illness was described as "brief". The Court concluded that petitioner's failure to respond to respondent's *228 request for admissions, respondent's discovery motions, the Court's orders, and the Court's informal attempts to communicate with petitioner (at least through the time of the Court's dismissal order, referred to supra) were not consequences of petitioner's illness or other inability to respond. As a result, the Court left the previously ordered sanctions in effect. Because respondent wished to proceed with the scheduled trial and the witnesses were present, a partial trial was conducted, with the record remaining open so that arrangements could be made for petitioner's estate or personal representative, if any, to proceed in such manner as would seem appropriate. Later, counsel for petitioner's heirs informed the Court that there were no assets in petitioner's estate, that there was no executor, that no administrator or personal representative would be appointed, and that the heirs did not want to proceed in the instant case. Respondent, nevertheless, was determined to proceed to opinion on the fraud issue. FINDINGS OF FACT None of the facts have been stipulated. [2]
When the petition was filed in the instant case, petitioner resided in Roselle, New Jersey. *229 During 1982 and 1985, petitioner was the manager and sole shareholder of 43rd Street Liquor Corp. (hereinafter sometimes referred to as 43rd Street), an S Corporation (see secs. 1361-1379). In general, S Corporation shareholders are to take into account their pro rata shares of the S Corporation's income or loss. Sec. 1366(a). During 1982, 43rd Street bought more than $ 325,000 from certain New York City wholesale liquor distributors, but recorded little more than $ 50,000 of these purchases in its cash disbursements journal. The amounts so bought and so recorded are shown in table 1. Table 1 Amounts
Distributor
Bought
Recorded in Journal
Banfi
$  10,411.56
$ 4,541.39
Gallo
17,514.00
16,940.30
Capitol
30,751.27
30,618.15
Charmer Industries
154,010.00
-0-  Peerless Importers
114,248.00
-0-  Totals
$ 326,934.83
$ 52,099.84
Other amounts were also so bought and so recorded. On its Form 1120S for 1982, 43rd Street reported purchases (cost of goods sold) in the amount of $ 103,591. During 1985, 43rd Street bought more than $ 315,000 from certain New York City wholesale liquor distributors, but recorded little more than $ 225,000 of these *230 purchases in its cash disbursements journal. The amounts so purchased and so recorded are shown in table 2. Table 2 Amounts
Distributor
Bought
Recorded in Journal
Star Industries
$  77,361.00
$  57,004.00
Peerless Importers
146,940.00
99,867.00
Joseph Victori
2,972.00
2,566.00
Villa Banfi
9,179.00
3,256.00
Charmer Industries
65,040.00
53,927.00
Gallo Wine
13,581.84
10,124.67
Totals
$ 315,073.84
$ 226,744.67
Other amounts were also so bought and so recorded. On its Form 1120S for 1985, 43rd Street reported purchases (cost of goods sold) in the amount of $ 304,926. For 1982 and 1985, 43rd Street's cash receipts journal reflected less in amounts of sales than were actually made by 43rd Street during these years. On its Forms 1120S for 1982 and 1985, 43rd Street reported sales of $ 175,636 and $ 398,344, respectively, less sales than were actually made by it during those years. On his income tax returns for 1982 and 1985, petitioner reported that he received Subchapter S income from 43rd Street in the amounts of $ 917 and $ 2,935, respectively -- less than the amounts he received during these years. Petitioner's mother and petitioner's sister, *231 Elizabeth, owned 753 East Third Avenue, Roselle, New Jersey (hereinafter sometimes referred to as 753 East Third), as tenants in common. By deed dated June 30, 1980, they conveyed 753 East Third to petitioner's sister, Elizabeth. By deeds dated December 14, 1982, petitioner's sister, Elizabeth, conveyed 753 East Third to petitioner for an acknowledged consideration of $ 1, reserving to petitioner's mother a life estate. By deed dated December 16, 1985, petitioner conveyed 753 East Third to petitioner's other sister, Katherine, for an acknowledged consideration of $ 1, reserving to petitioner's mother a life estate. By deed dated October 18, 1990, petitioner's sister, Katherine, conveyed 753 East Third to petitioner's brother, Nicholas, for an acknowledged consideration of $ 1. Petitioner lived at 753 East Third in 1988. In 1988, petitioner's sister, Katherine, lived at 740 East Third Avenue, Roselle, New Jersey, which had been transferred to her by an apparently unrelated party in 1984, and was then transferred by her to petitioner's brother, Nicholas, in 1990. OPINION Respondent contends that some part of petitioner's 1982 and 1985 underpayments are due to fraud. Respondent *232 relies on petitioner's (1) omissions from income of substantial amounts of distributable income from 43rd Street, (2) use of his personal checking account to pay for purchases by 43rd Street, (3) 5-year pattern of substantially omitting income from 43rd Street, and (4) 1985 "attempt to conceal assets by making a fraudulent conveyance of his personal residence to his sister." We disagree with respondent. When respondent seeks to impose the addition to tax under section 6653(b)[3] for a year, she bears the burden of proving by clear and convincing evidence that petitioner has an underpayment for that year, and that some part of this underpayment is due to fraud. Sec. 7454(a) [4]; Rule 142(b); e.g., Stone v. Commissioner, 56 T.C. 213, 220 (1971); Otsuki v. Commissioner, 53 T.C. 96, 105 (1969). *233 The issue of fraud poses a factual question which is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner, 465 F.2d 299, 303 (7th Cir. 1972), affg. T.C. Memo. 1970-274; Mensik v. Commissioner, 328 F.2d 147 (7th Cir. 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner, 56 T.C. at 224; Stratton v. Commissioner, 54 T.C. 255, 284 (1970). Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner, 394 F.2d 366, 377 (5th Cir. 1968), affg. T.C. Memo. 1966-81; Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958); Estate of Pittard v. Commissioner, 69 T.C. 391, 400 (1977); McGee v. Commissioner, 61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (5th Cir. 1975). This intent may be inferred from circumstantial evidence ( Powell v. Granquist, 252 F.2d at 61; Gajewski v. Commissioner, 67 T.C. 181, 200 (1976), *234 affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Beaver v. Commissioner, 55 T.C. 85, 92-93 (1970)), including the implausibility of the taxpayer's explanations. Boyett v. Commissioner, 204 F.2d 205, 208 (5th Cir. 1953), affg. a Memorandum Opinion of this Court dated March 14, 1951. Respondent need not prove the precise amount of the underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. E.g., Lee v. United States, 466 F.2d 11, 16-17 (5th Cir. 1972); Plunkett v. Commissioner, 465 F.2d at 303; Kreps v. Commissioner, 351 F.2d 1, 6 (2d Cir. 1965), affg. 42 T.C. 660 (1964). In carrying her burden, respondent may not rely on petitioner's failure to meet his burden of proving error in respondent's determinations as to the deficiencies (e.g., Habersham-Bey v. Commissioner, 78 T.C. 304, 312 (1982), and cases there cited), but she may rely on the deemed admissions. Marshall v. Commissioner, 85 T.C. 267 (1985). See Rule 90(f); Freedson v. Commissioner, 65 T.C. 333, 335 (1975), *235 affd. 565 F.2d 954 (5th Cir. 1978). Where fraud is determined for each of several years, respondent's burden applies separately for each of the years. Drieborg v. Commissioner, 225 F.2d 216, 219-220 (6th Cir. 1955), affg. in part and revg. in part a Memorandum Opinion of this Court dated February 24, 1954; Estate of Stein v. Commissioner, 25 T.C. 940, 959-963 (1956), affd. sub nom. Levine v. Commissioner, 250 F.2d 798 (2d Cir. 1958). A mere understatement of income does not establish fraud. However, a pattern of consistent underreporting of income for a number of years is strong evidence of fraud. Estate of Mazzoni v. Commissioner, 451 F.2d 197, 202 (3d Cir. 1971), affg. T.C. Memo. 1970-144 and 1970-37; Otsuki v. Commissioner, 53 T.C. at 106. Although the evidence in the record makes us suspicious, it is not sufficiently clear and convincing, and so we cannot conclude that petitioner committed fraud as to either of the years before us. Our concerns may be best illustrated by comparing respondent's view of the record with our view of the record. *236 Firstly, respondent contends, and asks us to find, that "Petitioner substantially understated his distributable income from 43rd Street over a five-year period, 1982 through 1986, with the fraudulent intent to evade tax." The only evidence in the record as to 1983, 1984, and 1986 is a notice of deficiency dated April 10, 1990, which petitioner did not petition to this Court, together with the conclusory comments of the revenue agent who prepared both the April 10, 1990, notice of deficiency and the April 7, 1989, notice of deficiency that gave rise to the instant case. Evidence that respondent's revenue agent believes that petitioner understated his income, and that this understatement was fraudulent, carries no weight in showing that petitioner in fact understated his income or that any such understatement was fraudulent. Nor does petitioner's failure to file a timely Tax Court petition from a notice of deficiency constitute a concession. (If the law were otherwise, then taxpayers who fail to file timely petitions would, as a practical matter, be foreclosed from suing for refunds in the district courts or the Claims Court.) Thus, for all practical purposes there is no evidence *237 that petitioner understated his distributable income for 1983, 1984, and 1986. It follows that respondent has not shown a pattern of substantial understatements of income over a 5-year period. Secondly, respondent notes the Court's dismissal against petitioner with respect to the deficiencies and additions determined in the notice of deficiency, and concludes "Thus, it has already been determined that the petitioner omitted substantial amounts of taxable income from his income tax returns for the taxable years 1982 and 1985." The Court's granting of respondent's motion to dismiss (as a sanction for petitioner's failure to comply with the Court's orders) merely left intact the determinations in respondent's notice of deficiency. These determinations are not themselves evidence and do not satisfy respondent's fraud burden of proof. The omission findings we have made are based on the deemed admissions; they are some evidence of fraud. Thirdly, respondent focusses on petitioner's "attempt to conceal assets by making a fraudulent conveyance of his personal residence to his sister." We agree with respondent that secretion of one's assets is ordinarily a "badge of fraud". However, *238 in the instant case, we have a series of intrafamily transfers of 753 East Third: 1980 -- petitioner's mother and petitioner's sister, Elizabeth, to petitioner's sister, Elizabeth; 1982 -- petitioner's sister, Elizabeth, to petitioner; 1985 -- petitioner to petitioner's sister, Katherine; 1990 -- petitioner's sister, Katherine, to petitioner's brother, Nicholas. If the 1985 transfer from petitioner suggests fraud, then how does that suggestion fit with the 1982 transfer to petitioner? It is not at all clear who was the "real" owner of 753 East Third, for purposes of demonstrating fraud, within the meaning of section 6653(b). In short, the series of intrafamily transfers is puzzling; in the context of this series, the 1985 transfer does not clearly and convincingly point to fraud. Finally, we are troubled by respondent's failure to introduce any of the assertedly fraudulent tax returns. For respondent to sustain her position as to the fraud addition to tax, it is not enough that respondent makes us suspicious of the taxpayer or even that respondent proves fraud by a preponderance of the evidence. See Kreps v. Commissioner, 351 F.2d 1, 7 (2d Cir. 1965); *239 Shaw v. Commissioner, 27 T.C. 561, 569-570 (1956), affd. 252 F.2d 681 (6th Cir. 1958); Gano v. Commissioner, 19 B.T.A. 518, 532-533 (1930). The evidence must be clear and convincing. In the instant case, the evidence falls short of being clear and convincing. We hold for petitioner on the one matter presented to us. To take account of our earlier ruling, Decision will be entered for respondent but only in the amounts set forth in the notice of deficiency. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
1. The Form 4089 attached to the notice of deficiency refers to this as section 6653(b)(2), but the cover letter and the "Statutory Notice Statement" make it clear that section 6653(a↩)(2) was intended. 2. The addition is 50 percent of the interest on $ 73,770. ↩
3. The addition is 50 percent of the interest on $ 20,700.↩
1. The addition is 50 percent of the interest on $73,861. ↩
2. The addition is 50 percent of the interest on $ 68,682.↩
1. The addition is 50 percent of the interest on $ 73,861. ↩
2. The addition is 50 percent of the interest on $ 68,682.↩
2. Petitioner failed to respond to respondent's request for admissions, and so these requested admissions are deemed admitted and conclusively established for purposes of the instant case. Rule 90(f); Freedson v. Commissioner, 65 T.C. 333, 335 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice & Procedure.↩
3. Section 6653(b) provides, in pertinent part, as follows: SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud. -- (1) In general. -- If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. (2) Additional amount for portion attributable to fraud. -- There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601 -- (A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to fraud, and (B) for the period beginning on the last day prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax).
[The subsequent amendments of this provision by sec. 1503 of the Tax Reform Act of 1986 (Pub. L. 99-514, 100 Stat. 2085, 2742), by sec. 1015(b)(2)(A) of the Technical and Miscellaneous Revenue Act of 1988 (Pub. L. 100-647, 102 Stat. 3342, 3569), and by sec. 7721(a) of the Omnibus Budget Reconciliation Act of 1989 (Pub. L. 101-239, 103 Stat. 2106, 2395) do not affect the instant case. [As a result of the 1989 Act, the revised fraud addition to tax now appears in sections 6663 and 6651(f).] ↩
4. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud. -- In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect to such issue shall be upon the Secretary.↩