SAGITTARIUS RECORDING CO., AN OHIO CORPORATION, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sagittarius Recording Co. v. Commissioner
Docket No. 31093-84
United States Tax Court
T.C. Memo 1990-460; 1990 Tax Ct. Memo LEXIS 505; 60 T.C.M. (CCH) 601; T.C.M. (RIA) 90460; August 27, 1990, Filed *505 An appropriate order and decision will be entered. Louis H. Hill and Nancy B. Herbert, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION This case was assigned to Special Trial Judge D. Irvin Couvillion pursuant to the provisions of section 7443A(b)(4) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1] The Court agrees with and adopts *506 the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE COUVILLION, Special Trial Judge: This case is before the Court on respondent's motion to dismiss for failure properly to prosecute under Rule 123(b). When this case was called, no appearance was made on behalf of petitioner. In the motion to dismiss, respondent seeks dismissal of the case and a decision against petitioner for the deficiency in Federal income tax and the addition to tax for fraud under section 6653(b). FINDINGS OF FACT Respondent determined a deficiency in petitioner's 1980 Federal income tax of $ 2,324,033.95 and the addition to tax for fraud under section 6653(b) of $ 1,162,016.98 based upon adjustments disallowing the following expenses claimed on petitioner's *507 1980 income tax return: Depreciation
$ 3,288,043.00
Interest
455,515.00
Telephone
14,547.64
Rent
2,475.00
Advertising
2,131.30
Commissions
801,635.00
Travel and Promotion
150,442.00
Insurance
4,764.61
Legal Fees
92,151.00
Consulting Fees
112,606.00
Auto
3,444.00
Discount on Sale of Leases
163,646.00
Professional Services
95,578.00
Total Adjustments
$ 5,186,978.55
Petitioner timely filed a petition with this Court and therein represented that petitioner was a corporation incorporated under the laws of the State of Ohio; that petitioner's registered office was located at 4663 Executive Drive, Columbus, Ohio 43220; and that petitioner's president was Frank VanArsdale. Petitioner also alleged that the notice of deficiency was issued after expiration of the period of limitations under section 6501(a). In the answer, respondent denied that the period of limitations had expired, alleged specific facts in support of such denial, and further alleged specific facts in support of the addition to tax for fraud. In the reply to respondent's answer, petitioner denied respondent's factual allegations as to expiration of the period of limitations *508 and the fraud addition. After the reply was filed, counsel for petitioner withdrew from the case and notified petitioner of such withdrawal. The Court subsequently scheduled,notified petitioner of, and held at least two pretrial conferences for this and other cases designated as the Sagittarius cases, none of which were attended by petitioner or any representative thereof. At one pretrial conference, respondent stated that petitioner was a defunct corporation; that respondent was unable to contact or locate petitioner's president and sole shareholder, Frank VanArsdale; and that all mail by respondent to the last known address of both petitioner and Frank VanArsdale had been returned undelivered. On October 17, 1988, respondent served on petitioner at the address stated in its petition and upon Frank VanArsdale at his last known address a written request for admissions under Rule 90(a). Petitioner did not respond to the request for admissions. OPINION Rule 123(b) provides, in pertinent part, as follows: Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, *509 the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which such party has the burden of proof; * * *. It is well settled that a petitioner's unexcused failure to appear at trial justifies dismissal of the action for failure properly to prosecute under Rule 123(b). Basic Bible Church v. Commissioner, 86 T.C. 110, 112 (1986). However, the sanction of dismissal is severe and its use must be tempered by careful exercise of judicial discretion. The Court must balance the policy of having the case heard on the merits with the policy of avoiding unjustifiable delay to respondent, considering that respondent has the right to resolution of tax disputes within a reasonable period of time. Freedson v. Commissioner , 67 T.C. 931, 937 (1977), affd. 565 F.2d 954 (5th Cir. 1978). On this record, the Court finds that these considerations warrant dismissal of this case. Petitioner secured representation and a petition was filed on its behalf almost six years ago. Petitioner's counsel withdrew from the case over five years ago and petitioner *510 was notified of such withdrawal. Since that time, petitioner chose to ignore this proceeding by not attempting to receive its mail, or have it forwarded, by not contacting the Court or respondent, and by not securing alternative representation. It is clear that petitioner had no interest in presenting its case. Accordingly, respondent's motion to dismiss for failure properly to prosecute will be granted. Under Rule 123(b), the Court may enter a decision against petitioner and may further decide against any party any issue as to which such party has the burden of proof. Petitioner bears the burden of proof with respect to the deficiency pursuant to Rule 142(a); therefore, the Court may find petitioner liable for the deficiency in dismissing this case under Rule 123(b). With respect to expiration of the period of limitations, in Adler v. Commissioner , 85 T.C. 535, 540 (1985), this Court held that, where the taxpayer makes a showing that the notice of deficiency was issued beyond the normally applicable period of limitations, a prima facie case has been established. At that point, the burden of going forward with the evidence shifts, and respondent has the burden *511 of showing that the bar of the period of limitations is not applicable. Where respondent makes such a showing, the burden of going forward with the evidence shifts back to the taxpayer. The ultimate burden of proof, therefore, never shifts from the party who pleads the bar of the period of limitations. Adler v. Commissioner, supra at 540. Petitioner plead the bar of the period of limitations in this case; therefore, the ultimate burden of proof on this issue is on petitioner, and the Court may decide the issue against petitioner under Rule 123(b). Additionally in this case, respondent served upon petitioner a request for admissions under Rule 90(a). The first six admissions requested of petitioner state, inter alia, that petitioner's 1980 income tax return was due to be filed on or before March 15, 1981; that the 1980 return was in fact filed by petitioner on June 12, 1981; that an amended 1980 return was filed by petitioner on June 22, 1981; and that the notice of deficiency was timely issued to petitioner by certified mail on June 8, 1984. If admitted as true, these admissions establish conclusively that the notice of deficiency was timely issued. Under *512 Rule 90(c), allegations of fact contained in a properly served request for admissions are deemed admitted without the entry of an order by the Court unless the taxpayer responds by answer or objection within 30 days after service of the request. See Freedson v. Commissioner, 65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Respondent's certificate of service attached to the request for admissions establishes to the satisfaction of the Court that proper service of the request for admissions was made upon petitioner in this case. See Rule 21(b). Because petitioner failed to answer or object to the requested admissions, the requested admissions are deemed admitted by petitioner; therefore, the notice of deficiency was timely. Accordingly, since petitioner bears the burden of proof with respect to both the deficiency in tax and the defense in bar of expiration of the period of limitations, and further because petitioner has admitted the timeliness of the notice of deficiency under Rule 90(c) in granting respondent's motion to dismiss for failure properly to prosecute, the Court rejects petitioner's defense of expiration of the period of limitations *513 and finds that petitioner is liable for the deficiency in tax. Respondent's motion under Rule 123(b) also seeks the addition to tax for fraud under section 6653(b). At trial, however, respondent presented the case with respect to the fraud addition by introducing into evidence facts deemed admitted under Rule 90(c). Counsel for respondent produced no other evidence and stated to the Court that respondent based the case on the fraud addition exclusively on the admissions. Section 6653(b) provides that, if any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Fraud exists only when (1) there is an underpayment of taxes, and (2) the taxpayer knowingly underpaid the taxes with the specific intent to evade a part of the taxes underpaid. Wright v. Commissioner, 84 T.C. 636, 639-643 (1985). Fraud is a serious matter and is not to be presumed or based upon circumstantial evidence which creates merely a suspicion of fraud. Beaver v. Commissioner, 55 T.C. 85, 92 (1970); Carter v. Campbell, 264 F.2d 930, 935 (5th Cir. 1959). *514 Respondent has the burden of proving all elements of the fraud addition by evidence which is clear and convincing. Section 7454(a); Rule 142(b); Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980). The existence of fraud is a question of fact which must be resolved upon consideration of the entire record. Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). As noted earlier, respondent served petitioner with a written request for admissions, and petitioner failed to answer or object thereto; therefore, the allegations of fact contained in the request for admissions are deemed admitted under Rule 90(c). Facts deemed admitted under Rule 90(c) are sufficient to establish that a part of the underpayment was due to fraud if the admissions requested contain specific facts which constitute the requisite clear and convincing evidence. Marshall v. Commissioner, 85 T.C. 267 (1985); Doncaster v. Commissioner, 77 T.C. 334 (1981); cf. Smith v. Commissioner, 91 T.C. 1049, 1058 (1988); Bosurgi v. Commissioner, 87 T.C. 1403 (1986). *515 The burden of proof on respondent is not lessened by petitioner's failure to appear or to respond. The Court finds that the admissions do not suffice to establish that petitioner knowingly underpaid taxes with the specific intent to avoid all or part of the underpayment. Wright v. Commissioner, supra.The admissions related essentially to details of the transactions giving rise to deductions which were disallowed by respondent. However, these facts fell short of establishing conduct which would constitute fraud. For example, see Recklitis v. Commissioner, 91 T.C. 874, 910 (1988), listing the nonexclusive factors which constitute "badges of fraud." The affirmative allegations in respondent's Answer likewise did not go beyond the facts requested in the admissions. For purposes of section 6653(b), fraud means "actual, intentional wrongdoing," Mitchell v. Commissioner, 118 F.2d 308 (5th Cir. 1941); or the intentional commission of an act or acts for the specific purpose of evading a tax believed to be owing. Webb v. Commissioner, 394 F.2d 366 (5th Cir. 1968), affg. T.C. Memo. 1966-81; McGee v. Commissioner, 61 T.C. 249 (1973), *516 affd. 519 F.2d 1121 (5th Cir. 1975), cert. denied 424 U.S. 967 (1976). Fraud is never presumed or decided on the basis of suspicion; rather, it must be established by affirmative evidence. Beaver v. Commissioner, supra.Our review of the record does not convince us that petitioner's underpayment was due to fraud. Accordingly, the addition to tax under section 6653(b) is not warranted. Respondent's motion to dismiss for failure properly to prosecute will be granted in that petitioner's case will be dismissed and decision will be entered against petitioner for the deficiency in tax. However, decision will be entered for petitioner in respect of the addition to tax for fraud. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references hereafter are to the Internal Revenue Code of 1954, as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩